[No. 11924.   In Bank. — December 10, 1888.]

IN THE MATTER OF THE ESTATE OF LYMAN J. BUR-
RELL, DECEASED.   JAMES B. BURRELL ET AL.,
APPELLANTS, *v.* PHILOMELA T. BURRELL, RE-
SPONDENT.

WILL — CONTEST OF PROBATE — EXECUTION OF WILL — PLEADING. — The
contestants of the probate of a will are plaintiffs in the matter, and it
devolves upon them to allege all facts necessary to sustain a claim that
the will was not properly signed and witnessed, and a statement in the
language of the statute, or of the evidence of the facts, is not sufficient.
Allegations that the will was procured to be signed and witnessed under
a mistaken belief of the testator as to its provisions, and while he was
under the absolute control and dominion of his wife, do not present an
issue as to the signature and attestation of the will by two witnesses
at the request and in the presence of the testator, while he was men-
tally capable of recognizing the act, and actually conscious of the trans-
action.

INSTRUCTION — HARMLESS ERROR. — An instruction which might have a
broader meaning than was properly intended, but which did not in fact
mislead the jury, is harmless to the appellant.

APPEAL from an order of the Superior Court of Santa
Clara County, admitting a will to probate, and from an
order refusing a new trial.

The facts are stated in the opinion.

*D. W. Herrington*, for Appellants.

*T. H. Laine*, for Respondent.

BELCHER, C. C.—Lyman J. Burrell died in Santa
Clara County in 1884, leaving what purported to be his
last will and testament. The paper was dated March 9,
1882, and was signed by the decedent, and appeared to
have been properly witnessed. Philomela T. Burrell,
the widow of decedent, was named as executrix, and pre-
sented the will for probate. The children of decedent
objected to the probate of the will, and filed written
grounds of opposition thereto. The proponent made
answer to the opposition, denying all of its material

allegations. The contestants then demanded a trial by jury, and asked to have the following issues submitted to the jury:—

"1. Was Lyman J. Burrell on March 9, 1882, at the time of the alleged making of said will, of sound and disposing mind?"

" 2. Was the making of said will procured through or by any fraudulent misrepresentations, or false statements or suggestions, of the proponent, Philomela T. Burrell?"

"3. Was said will procured to be made by the undue influence of any person ?"

" 4. Had the proponent, Philomela T. Burrell, any undue influence over the deceased which operated in the disposition of his property in the making of his will?"

" 5. Was said will, at the alleged time of the making thereof, signed by two witnesses at the request and in the presence of Lyman J. Burrell, deceased ?"

The court settled and submitted to the jury the first four of these issues, but upon objection of counsel for proponent, that there were no sufficient allegations to warrant it, refused to submit to them the last one.

At the conclusion of the testimony the court instructed the jury very fully upon all of the questions involved, and among other things said to them:—

"Evidence has been introduced relating to the execution of the propounded paper; such evidence you are at liberty to consider as bearing upon the two questions of testamentary capacity, and of undue influence. The fact of due execution of the instrument, however, is withdrawn from your consideration, and with that you have nothing to do."

The jury answered the first issue submitted to them in the affirmative, and the other three in the negative. The will was then admitted to probate, the court finding and certifying that the decedent died on the ninth day

of June, 1884, in the county of Santa Clara, where he was then a resident; that the will was duly executed by decedent, and signed by him in the presence of three witnesses; "that he acknowledged the execution of the same in their presence, and declared the same to be his last will and testament; and the said witnesses attested the same at his request, in his presence, and in the presence of each other; that the said decedent, at the time of executing said will, was of the age of eighteen years and upward, was of sound and disposing mind, and not acting under duress, menace, fraud, undue influence, or misreprésentation, nor in any respect incompetent to devise and bequeath his estate."

The contestants moved for a new trial, and their motion being denied, appealed from the order admitting the will to probate, and from the order denying their motion.

It is argued for appellants that the court erred in refusing to submit to the jury the fifth issue requested by them, and in instructing the jury that the due execution of the will was withdrawn from their consideration.

The contestants were plaintiffs in the matter (*Estate of Dalrymple*, 67 Cal. 444), and it devolved upon them to allege all of the facts necessary to sustain their claim that the will was not properly signed and witnessed, and a statement in the language of the statute, or of the evidence of the facts, was not sufficient. (*Estate of Gharky*, 57 Cal. 274.)

One of the allégations relied upon by the appellants is, that at the time of the making of the alleged will, the testator believed that he was by the will providing for the future division and distribution to the contestants of a large amount of land, to wit, the one thousand acres, etc., "and contestants charge that, acting under and in pursuance of said belief, the signature of said Lyman J. Burrell was procured to be and was made, and not otherwise, and the said will is not the will of the

said Lyman J. Burrell, and has never been ratified or confirmed by him, but was procured to be signed to said will, and witnessed as aforesaid, and so published and declared by him under the belief aforesaid."

Another allegation is, "that said will was signed and witnessed in the presence of said Philomela T., and while said Lyman J. was so under the absolute control and dominion of said Philomela T., and by and under her directions, supervision, and control, and with the object and purpose on the part of said Philomela T. of securing to herself unlawfully the whole and every part of the estate and property of deceased, to the exclusion of these contestants, his heirs at law, from all and every part thereof, and from all benefit arising therefrom, contrary to the will and wish of said deceased, uninfluenced by said proponent."

The question is, Were these allegations sufficient to raise an issue as to whether or not the will was attested by two witnesses who signed it at the request and in the presence of the testator? We do not think they were. They were evidently made upon the theory that the will was procured to be made by the fraudulent misrepresentations and undue influence of the respondent. Now, assuming that the testator was mistaken as to the disposition made of his property, and was under the dominion and control of his wife, still he may have signed the paper and may have declared to the attesting witnesses that it was his will, and they may have signed it at his request and in his presence. Nor does it follow, if the facts were as supposed, that the testator was not "mentally capable of recognizing the act which was being performed before him," or that he was not "actually conscious of the transaction in which the witnesses were engaged." (Jarman on Wills, 5th Am. ed., p. 87.)

The words "due execution of the instrument" used in the instruction complained of may have a broader meaning than was intended to be given them by the

learned judge of the court below, but if so, they were harmless to appellants. They were evidently intended to refer only to the witnessing of the will, and were so understood by the jury, the other questions having been submitted to and passed upon by them.

We find no material error in the record, and therefore advise that both of the orders appealed from be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, both the orders appealed from are affirmed.