[S. F. No. 2966. In Bank.—September 30, 1903.]

In the Matter of the Estate of FELIX LATOUR, Deceased. CATHERINE LATOUR, Appellant, v. CAROLINE FORD et al., Respondents.

ESTATES OF DECEASED PERSONS—PROBATE OF WILL—CONTEST—BURDEN OF PROOF—NEGATIVE ALLEGATION—NON-EXECUTION.—So far as the contest of a will is concerned, whether made before probate or after probate, the burden of proof is upon the contestant as plaintiff, to prove every allegation contained in his contest, including the negative allegation of non-execution of the will, when he alleges it as a ground of contest. [Beatty, C. J., Henshaw, J., and Lorigan, J., dissenting.]

ID.—PRIMA FACIE CASE OF EXECUTION—ORDER OF TRIAL COURT—BURDEN OF PROOF NOT AFFECTED.—The fact that the trial court first

required the proponent of the will to establish a *prima facie* case of its execution before the contestant opened his case, does not affect the rule that the contestant has the burden of proof to show the non-execution of the will, when alleged by him as a ground of contest.

ID.—ORDER OF PROOF—WITHDRAWAL OF ISSUE NOT PROVED—PETITION FOR PROBATE—DETERMINATION BY COURT.—It seems that the statute does not require any preliminary proof by the proponent before the contest is determined; but when the contestant fails to prove any ground of contest alleged, it should be withdrawn from the jury, and all questions not determined by the jury should be determined separately by the court, without the presence of the contestant, upon the hearing of the petition for the probate of the will.

ID.—COMMUNICATION WITH TESTATOR BY SIGNS—BURDEN OF PROOF NOT SHIFTED—INSTRUCTIONS.—It cannot be held as matter of law, that merely because the testator was unable to speak articulately, and was compelled to communicate by signs, that the burden was shifted upon the proponent to prove his mental competency, or to show that those engaged in the execution of the will put such questions or made such suggestions as would call to mind each relative having a natural claim upon his bounty. The court was not bound to instruct to that effect; and it is sufficient that the jury were instructed that the declaration that the instrument was the will of the testator must have been made consciously and purposely, with full knowledge of what he was doing, and with capacity to comprehend the extent of his property, and to recollect who his relatives were, and their claims upon his regard, and deliberately to form an intelligent purpose of excluding them from any share in his property.

ID.—UNDUE INFLUENCE—WILL IN FAVOR OF NON-RELATIVE—BURDEN OF PROOF.—Where it appears that the testator had deserted his wife, and had had no communication with her for more than twenty years before the will was executed, and that he entertained no feeling of friendship for his other relatives, and that the will accorded with repeated declarations of the testator as to his intention to dispose of his property to the proponent of the will, made to the subscribing witnesses before his last illness, the facts that he was at the time of its execution ill, and in the proponent's home, and that she was not a relative, and that she sent for a lawyer, and was with others present when the lawyer asked the testator if he wanted to leave his property to the proponent, do not shift the burden of proof to the proponent to show that she exerted no undue influence over the testator which caused him to execute the will in her favor.

ID.—RESIDENCE OF TESTATOR—FINDING AS TO JURISDICTION—WAIVER OF OBJECTION BY CONTESTANT—OBJECTION UPON APPEAL.—Where the contestant submitted her contest to the decision of the jury

in the court below, upon the theory that it had jurisdiction, without raising any objection therein that the court had no jurisdiction of the estate by reason of the non-residence of the testator in the county where the will was sought to be probated, at the time of his death, this court will not at her instance consider upon her appeal whether a finding made by the court after the determination of the contest, that the deceased was a resident of the county in which the will was admitted to probate when he died, was or was not sustained by the evidence. [Beatty, C. J., Henshaw, J., and Lorigan, J., dissenting.] ·

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting a will to probate. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, W. S. Tinning, Robert C. Porter, W. B. Treadwell, and John S. Drum, for Appellant.

The superior court of San Francisco had no jurisdiction, as deceased was living in Lake County when he died, and there registered and voted. (Code Civ. Proc., sec. 1294, subd. 1; *Estate of Harlan*, 24 Cal. 182;[1] *Wolf* v. *McGavok*, 23 Wis. 516, 518; *Moffett* v. *Hill*, 131 Ill. 239, 244; *Kellogg* v. *Oshkosh*, 14 Wis. 623, 628; *Shaton* v. *Tiffin*, 6 How. 163, 185.) Jurisdiction of the person may be acquired by consent, but jurisdiction over the subject-matter never can be so acquired. (17 Am. & Eng. Ency. of Law, 1061, 1062; 12 Am. & Eng. Ency. of Plead. & Prac., 125 et seq.; 2 Century Digest, col. 1669, "Appeal and Error"; 13 Century Digest, col. 1897, "Courts"; *Mastick* v. *Superior Court*, 94 Cal. 347; *People* v. *O'Neill*, 47 Cal. 109; *King* v. *Kutner-Goldstein Co.*, 135 Cal. 65; *Fritts* v. *Kamp*, 94 Cal. 393; *Feillet* v. *Engler*, 8 Cal. 76; *Brooks* v. *Calderwood*, 19 Cal. 124.) He calls himself a resident of Lake County in his will, which should outweigh oral declarations. (*Depuy* v. *Wurtz*, 53 N. Y. 556, 562; *In re Stover*, 4 Redf. 82.) Section 1869 of the Code of Civil Procedure regulates the burden of proof. (*Melone* v. *Ruffino*, 129 Cal. 514, 518, 521;[2] *Estate of Doyle*, 73 Cal. 564, 568, 572, 573.) There was no such proof of the execution of the will as to entitle it to be admitted to probate. (*Mendenhall* v. *Tungate*,

---

[1] 85 Am. Dec. 58.    [2] 79 Am. St. Rep. 127.

95 Ky. 208; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504, 517;
*Delafield* v. *Parish*, 25 N. Y. 9; *Harwood* v. *Baker*, 3 Moore
P. C. C. 282, 290; *Raynor's Will*, 18 N. Y. Supp. 426; 44
N. Y. St. Rep. 468; *Chappell* v. *Trent*, 90 Va. 849; *In re
Owston*, 2 Swab. & T. 461; *Kelly* v. *Settegast*, 68 Tex. 13.)
The burden was upon the proponent to show testamentary
capacity. (*Estate of Doyle*, 73 Cal. 564, 568; 1 Woerner on
American Law of Administration, 2d ed., sec. 26; 25 Am. &
Eng. Ency. of Law, 998, 1000, note; *Eames* v. *Arnold*, 52 Ga.
169; *Weir* v. *Fitzgerald*, 2 Bradf. 42, 69; *Chappell* v.
*Trent*, 90 Va. 849.) Under the circumstances of this case,
there was a presumption of undue influence, which the pro-
ponent had the burden to rebut. (*Chappell* v. *Trent*, 90 Va.
849; *Caldwell* v. *Anderson*, 104 Pa. St. 199, 204; *Tomkins* v.
*Tomkins*, 1 Bail. 92, 96;[1] *Wilson* v. *Mitchell*, 101 Pa. St.
495, 505; *Drake's Appeal*, 45 Conn. 9; *Lyons* v. *Campbell*,
88 Ala. 462, 469; *Wilson's Appeal*, 99 Pa. St. 545; *Estate of
McDevitt*, 95 Cal. 17, 33.) The burden of proof may be
upon one party, and the right to open and close may be upon
another. (5 Am. & Eng. Ency. of Law, 23, 26, 28; Thayer
on Evidence, chap. XX, pp. 353 et seq.; Page on Wills (1901)
sec. 369.) The burden is on the proponent to prove the will.
(23 Am. & Eng. Ency. of Law, 131; 15 Am. & Eng. Ency. of
Plead. & Prac., 406; Page on Wills, sec. 370; 1 Greenleaf on
Evidence, 773; Underhill on Evidence, 384.) As to matters
or acts necessary to a valid will not put in issue by the con-
test, the contestant has no voice. (*Estate of Cartery*, 56 Cal.
470; *Estate of Gregory*, 133 Cal. 136.)

J. W. McKinley, Works, Lee & Works, and Leon F. Moss,
*Amici Curiæ*, for Appellant.

Section 607 of the Code of Civil Procedure regulates proce-
dure and not the burden of proof. Subdivision 4 of section
1312 of the Code of Civil Procedure regulates the order of
proof. Sections 1869 and 1981 regulate the burden of proof.
The party holding the affirmative of an issue must prove it.
(Code Civ. Proc., sec. 1981.) A contrary rule opens the door
for fraud. The heirs are entitled to the estate unless a will is
proved.

[1] 19 Am. Dec. 656.

P. F. Dunne, Walter H. Linforth, and M. S. Sayre, for Respondent.

The contestant not having raised the question of want of jurisdiction as an objection to contesting the contest, he had no voice in the final determination of that question after the contest was ended, and cannot object to the finding upon appeal. (*Estate of Gregory*, 133 Cal. 131, 136, 137.) The description in the will is not conclusive as to the residence. (*Gilman* v. *Gilman*, 52 Me. 165;[1] *Whickser* v. *Hum,* 5 Ency. of Law & Eq. 52.) Voting is not conclusive. (*Moffett* v. *Hill*, 131 Ill. 239, 245; *Hayes* v. *Hayes*, 74 Ill. 312; *Easterly* v. *Goodwin*, 35 Conn. 279;[2] *Mandeville* v. *Huston*, 15 La. Ann. 281; *Folger* v. *Slaughter*, 12 La. Ann. 323; *Smyth* v. *Croom*, 7 Fla. 81-158; *Inhabitants of East Livermore* v. *Inhabitants of Farmington*, 74 Me. 154.) The burden of proof is on the contestant, so far as contested issues raised by him are concerned. (*Estate of Gregory*, 133 Cal. 136, 137; *Estate of Nelson*, 132 Cal. 183; *Estate of Black*, 132 Cal. 292; *Estate of Scott*, 128 Cal. 57; *In re Wilson*, 117 Cal. 270; *In re Burrell*, 77 Cal. 481; *Estate of Dalrymple*, 67 Cal. 444; *Estate of Gharky*, 57 Cal. 274.) The burden of proof was upon the contestants to show undue influence amounting to force and coercion upon the testamentary act. (*Estate of Carpenter*, 94 Cal. 406; *Estate of Langford*, 108 Cal. 623.) No such relation existed between proponent and the testator as to shift the burden of proof, or call for any explanation. (*Estate of Brooks*, 54 Cal. 474; *Estate of Carpenter*, 94 Cal. 406; *Estate of McDevitt*, 95 Cal. 33; *Estate of Nelson*, 132 Cal. 194; *In re Cornell's Will*, 163 N. Y. 608; *In re Keefe's Will*, 47 App. Div. 214; 62 N. Y. Supp. 124; *Towson* v. *Moore*, 11 App. D. C. 377.)

ANGELLOTTI, J.—This is an appeal from an order of the superior court of the city and county of San Francisco admitting the will of deceased to probate and appointing Caroline Ford executrix thereof. The widow of deceased and four others, claiming to be brothers and sisters of deceased, contested the probate of the will, of whom only the widow, Catherine Latour, appeals. In her written grounds of oppo-

[1] 83 Am. Dec. 502.          [2] 95 Am. Dec. 239.

sition to the probate contestant alleged that the alleged will
was not subscribed at the end thereof by the testator or by
any person in his presence by his direction, that it was not
declared by him to be his will, and that no subscribing witness
signed his name as a witness at the request of deceased or
in his presence. She also alleged unsoundness of mind and
undue influence. The proponent, Caroline Ford, answered,
traversing all the objections, and the issues of fact thus
raised were tried by a jury, which found that the name of
deceased was subscribed to said instrument by one Crawford,
in the presence of the deceased and by his direction, and
upon all the other issues found in favor of the validity of the
will.

1. It is claimed that the trial court erred in its rulings in
giving and refusing instructions. The contention in this be-
half is largely based on the theory urged by learned counsel
for contestant that the burden of proof was on the proponent,
especially upon the issues as to the due execution of the
will. The trial court refused instructions drawn upon this
theory, and instructed the jury that the burden of proof was
upon the contestants, and that they must prove the issue of
fact by a preponderance of evidence. This action of the
trial court is fully sustained by the statute and the decisions
of this court. Contestant concedes that it is probably true
that, in the first instance, the burden of proof on an issue
as to undue influence is on the contestant. This concession
is warranted by the decisions, as would also be a concession
that the same is true as to an issue on the question of mental
unsoundness. (*Estate of Black,* 132 Cal. 392; *Estate of
Scott,* 128 Cal. 57; *Estate of Wilson,* 117 Cal. 270; *Estate of
Gregory,* 133 Cal. 131.) But no distinction is made by the
statute between such issues and issues as to the due execution
and attestation of the will. The issues that may be raised
by the written opposition of the contestant, and the answer
thereto of the proponent, are stated in section 1312 of the
Code of Civil Procedure, and among them we find issues
as to mental competency, freedom from undue influence, etc.,
and due execution and attestation. The same section pro-
vides that on the trial of any of such issues "the contestant
is plaintiff and the petitioner is defendant." In *Estate*

*of Dalrymple,* 67 Cal. 444, one of the issues was as to the
due execution of the will, and the contestant was compelled
to proceed as plaintiff and introduce his evidence first as to
all the facts put in issue by the opposition and the answer
thereto.    This court said: "There can be no reasonable
ground to doubt that section 607 and section 1312, subd. 4,
of the Code of Civil Procedure, as construed in the *Estate
of Collins* (Myrick's Prob. Rep. 73), constituted 'on the
trial the contestants plaintiffs, and the petitioner defendant.'
The reason there given, that the matter is entirely controlled
by the statute, seems to be conclusive.   The court rightfully
said 'as to all matters involved in the issues raised by the
contest, *the contestant is plaintiff and must go forward.*'"
(See, also, *Estate of Burrell,* 77 Cal. 479.) Whatever may be
the usual practice in trial courts, we have been able to find
nothing in any opinion of this court that is in conflict with
the views expressed in *Estate of Dalrymple,* 67 Cal. 444. The
latest expression is in the opinion rendered in *Estate of
Gregory,* 133 Cal. 131, in which Mr. Justice Temple, whose
concurring opinion in *Estate of Doyle,* 73 Cal. 564, is much
relied on by contestant, joined.    It was there said:  "So far
as contested issues are concerned, the burden of proof is on
the contestant; it devolves on him to allege and prove the
facts on which he relies to prevent probate of the will; his
evidence is first called for and first submitted, and not until
he rests is the proponent called upon to submit any evidence;
as to matters or acts necessary to a valid will not put in
issue by the contest, the contestant has no voice; it is with the
court to require the proofs from the proponent."   As stated
before, contestant relies very strongly upon the concurring
opinion of Mr. Justice Temple in *Estate of Doyle,* 73 Cal.
564. The learned justice admits therein that, *as to the issues
involved in the contest,* the contestant is plaintiff and must
assume the affirmative, and that the burden of proof is upon
him.   He does, however, say that he thinks that the theory
of the statute must be, that the contest *begins* after the
petitioner has made a *prima facie* case.   Whether this be
correct, it is unnecessary to here consider.   It may, however,
be suggested that there is nothing in the statute requiring
any such order of proof.   If the contestant fails to produce

proof to support any particular ground of opposition, the issue as to the same should be withdrawn from the jury, and the court should determine upon evidence introduced before it, without the presence of the contestant, as to the existence of all facts essential to the probate of the will and not embraced in the issues submitted to the jury. Undoubtedly, *so far as the contest is concerned,* under the provisions of our statute, the contestant is the party who would be defeated if no evidence was given on either side. The burden of proof is therefore upon him. (Code Civ. Proc., sec. 1981.)

But it is urged that under *Melone* v. *Ruffino,* 129 Cal. 514,[1] contestant was not called upon to prove her negative allegations as to non-execution of the will. That case is not authority for the proposition that a party is never compelled to prove a negative allegation. It was held therein that the plaintiff was not compelled to prove his allegation of non-payment, and it was said that a negative allegation is to be proved only *where it constitutes a part of the original substantive cause of action upon which the plaintiff relies.* Such is undoubtedly the rule, entirely in accord with section 1869 of the Code of Civil Procedure, where it is provided that evidence need not be given in support of a negative allegation, except when such negative allegation is an essential part of the statement of the right or title on which the cause of action is founded. Here, as in the case of an allegation of want of probable cause in an action for malicious prosecution, cited in the opinion in *Melone* v. *Ruffino,* the allegations as to non-execution were an essential part of the statement of the right on which contestant's cause of action was founded.

We are unable to see any good reason for our somewhat peculiar statutory provisions so far as a contest before probate is concerned, but we must take the law as we find it. As to the question under consideration, the statute makes no distinction between a contest before probate and a contest after probate, and section 1312 of the Code of Civil Procedure is in the article devoted to contests before probate.

Our conclusion as to the rule as to the burden of proof disposes of most of the points made by contestant relative to the instructions. The trial court required the proponent

[1] 79 Am. St. Rep. 127.

to make a *prima facie* case, following the suggestion of Mr. Justice Temple, in *Estate of Doyle*, 73 Cal. 564. This was done by the introduction in evidence of the deposition of the two subscribing witnesses, the proponent thereupon resting. No objection was made that a sufficient *prima facie* case had not been made, and the court was apparently satisfied with the showing. The contestant declined to introduce any evidence relative to any of the grounds of contest, and objected to the introduction of evidence in "rebuttal" by proponent, to support the will, stating: "We have offered no evidence, and I will say we do not intend to offer any evidence at the present stage of the case as to the execution of the will, or as to the soundness of mind of decedent, or as to the influence under which this will was made. We rest upon the testimony which the proponent presented on that subject when they rested their case, and we say that they can't reopen their case, after we notified them, and they produced their evidence. This is not rebuttal of anything." The court sustained contestant's objection to the introduction by proponent of further evidence in support of the will.

The only testimony, therefore, material to any ground of contest is that contained in the depositions of the subscribing witnesses to the will. Those depositions, having been taken to be used for all purposes on the trial, contained some evidence relevant to the issues made by the opposition and answer. It is claimed that the evidence was of such a character as to shift the burden of proof, and require the giving of certain requested instructions. One of these was to the effect that if the decedent was unable to speak articulately, and the only communication made by him to those around him consisted of signs made by him, the burden was on the proponent to prove that the decedent fully understood the meaning of the questions asked him and the purport and effect of the document, and consciously and purposely made signs which he intended to be understood as affirmative answers, and another stated that under such circumstances it was the duty of those engaged in the preparation of the will to put such questions or make such suggestions as would recall to his mind each particular person who, by reason of relationship or otherwise, had any natural claim upon his

regard and bounty. These instructions were in line with the contention of contestant that the burden of proof was on the proponent. As to them it certainly cannot be held as a matter of law that merely because the testator is unable to speak articulately and is compelled to communicate by signs, the burden of proof shifts, nor can it be held that such circumstance makes it essential for the proponent to show that those engaged in the preparation of the will put the questions or made the suggestions specified. The jury was fully instructed by the court to the effect that before it could say that the decedent declared the instrument to be his will, it must be convinced that such declaration was made consciously and purposely, and with knowledge of what he was doing, and, further, that it was essential to constitute a sound and disposing mind that the testator must have capacity to comprehend the extent of his property, and the nature of the claim of others than those to whom, by his will, he is giving his property, and also that he must have been at the time capable of recollecting who his relations were, of understanding their respective claims upon his regard and bounty, and of deliberately forming an intelligent purpose of excluding them from any share of his property.

As to the eighth requested instruction, it is sufficient to say that the mere fact that the testator was so enfeebled by sickness as to be unable to intelligently communicate his thoughts to others, except by signs in answer to questions, is not sufficient to shift the burden of proof as to mental competency. The only remaining requested instruction that demands consideration is that as to undue influence, wherein it was sought to have the court instruct the jury that if they found that the execution of the will was procured by the proponent, that she was not related to the testator or otherwise a natural object of his bounty, that at the time of the execution he was, through illness, entirely helpless and wholly dependent upon her for the care and attention which he required, and that, by this will, he excluded his wife and relatives from any share of his estate, then the burden of proof is upon the proponent to show that she exerted no undue influence over him which caused him to execute that will. Under the few facts appearing in the record, it is

plain that the exclusion of the wife whom he had deserted
more than twenty years before, from whom he had not heard
and with whom he had no communication during all that
time, and the exclusion of the other relatives toward whom
he entertained no feeling of friendship, were entirely con-
sistent with an absence of any undue influence. So also was
the fact that the proponent was not a relative of the testator,
for, so far as appears, there was no one else in the world
for whom he cared at all, or to whom he was under any
obligation.

There was no testimony that the proponent had ever per-
sonally made any suggestion to the testator as to the manner
in which he should dispose of his property, and the only
testimony as to her procuring the execution of the will was,
that she sent for a lawyer and was, with others, present at
the time of the execution of the will, and the lawyer asked
him if he wanted to leave his property to proponent. It is
also true that he was at the time, through illness, helpless
and in proponent's home. We are of the opinion that these
facts alone are not sufficient to entitle contestant to com-
plain of the action of the court in refusing to give the in-
struction, especially in view of the fact that by her objection
she prevented the proponent from making any further show-
ing in support of the will, after she had closed her own case
without proffering any testimony in support of any of her
grounds of opposition. It must further be borne in mind
that the will as executed was entirely in accord with repeated
declarations of testator as to his intentions, before he was
stricken with his last illness, to each of the subscribing wit-
nesses.

2. It is claimed that the evidence is insufficient to justify
the verdict. After a careful examination of the record, we
are satisfied that there is sufficient evidence, in the absence of
any counter-showing, to sustain the findings of the jury.

It may also properly be said that this objection comes
with very poor grace from the contestant, who, by her objec-
tion, prevented the introduction of testimony in support of
the will, which was properly offered after contestant had
closed her case. In view of our conclusion as to the suffi-
ciency of the evidence, it is unnecessary to consider a question

which suggests itself, as to whether under such circumstances the contestant is in any position to raise such an objection.

3. It is further contended that the deceased was not a resident of the city and county of San Francisco at the time of his death, and that therefore the court below had no jurisdiction. There was no issue of fact made as to this in the lower court, and the objection was made for the first time after the order admitting the will to probate had been entered, by a specification in the bill of exceptions. While it is true that the jurisdiction to prove wills and grant letters testamentary is exclusively in the superior court of the county of which decedent was a resident at the time of his death, it is for the court to which the petition is addressed to determine from the evidence introduced before it whether or not the deceased did, as a matter of fact, reside in the county. Its finding in the matter is conclusive on the question of jurisdiction, except upon appeal, and cannot be collaterally attacked (see *Estate of Griffith,* 84 Cal. 107; *In re Eickhoff,* 101 Cal. 604), whatever the fact may be as to residence, and herein lies the difference between this case and the cases cited by contestant, wherein the court had no power to entertain the proceeding or make the order. It has been held in this state that the superior court of the county in which the petition for letters of administration is first filed has exclusive jurisdiction to determine the question as to the residence of the decedent, and the courts of other counties must abide the determination of that court, which is reviewable only upon appeal. Here, it is true, the attack upon the jurisdiction of the court is made upon appeal, but it is made by a party who, without objection, submitted her contest to the court below, and who never made any objection to the jurisdiction of the court, or in any way questioned the truth of the allegation contained in the petition that the decedent was a resident of the city and county of San Francisco. While it is true that non-residence is not a ground of contest, it is clear that contestant could have legally made her objection on that ground in the lower court. This court will not upon appeal review the conclusions of a trial court as to facts essential to its jurisdiction, concerning which such court was vested with the power to hear and determine, at the instance

of a party who has appeared in that court in the action or proceeding, and has omitted there to in any way urge his objection, but has proceeded therein upon the theory that the court had jurisdiction.

The remaining points made by contestant do not call for extended notice. Under the provisions of the will, the court had the power to direct the issuance of letters testamentary without requiring a bond, and we cannot say that it abused its discretion in so doing. The same may be said as to the action of the court in awarding costs against the contestant. We cannot see how contestant could have suffered any injury by being denied a separate trial as to her contest.

The order appealed from is affirmed.

Shaw, J., Van Dyke, J., and McFarland, J., concurred.

BEATTY, C. J., dissenting.—I dissent. One of the issues made by the contest was as to the due execution, publication, and attestation of the alleged will.

It was shown at the trial that a few days before his death the decedent suffered a stroke of paralysis which rendered him entirely speechless and almost completely helpless, so that his only means of communication with those about him was by signs—as by giving his hand in answer to a question, which was understood to signify assent. While in this condition a lawyer called in by proponent drew up the alleged will in conformity with his understanding of the signs made by decedent in response to questions asked him concerning the disposition of his estate. When the document was completed the lawyer signed it for the deceased, in pursuance of his supposed directions given in the manner above described.

The issue upon the execution of the will was submitted to the jury in the form of three questions, as follows:—

"1. Was the instrument now propounded by Caroline Ford for probate as the last will and testament of Felix Latour, deceased, signed by said Felix Latour?

"2. Was the name of said Felix Latour subscribed to said instrument by some other person, in the presence of said Felix Latour and by his direction; and if so, by whom?

"3. Did the said Felix Latour, at the time of the subscribing of said instrument, declare to the attesting witnesses that said instrument was his will?"

and respecting them the court instructed the jury as follows:—

"Upon the trial of the contest of a will, the contestant is called the plaintiff, and the proponent of the will is called the defendant,—that is to say, in the present proceeding Catherine Latour and the others who are contesting are, in law, the plaintiffs, and Caroline Ford, the proponent of the will, is, in law, the defendant.

"The burden of proof is upon the plaintiffs, meaning the contestants. They must prove the issues of fact by a preponderance of evidence, and the term, as thus used, does not mean numerical preponderance. You are to consider not merely the quantity, but also the quality, of the evidence presented to you."

The contestant requested, and the court refused to give an instruction as follows:—

"The next two questions propounded to you are as to whether or not this alleged will was subscribed by some other person in the presence of the decedent and by his direction, and as to whether or not the decedent declared to the attesting witnesses that the instrument was his will. As to these questions, the burden of proof is on the proponent; and you should not answer them affirmatively, unless facts sufficient for the purpose have been proved, by evidence of a character which produces moral certainty or conviction in an unprejudiced mind."

Other instructions, involving the same propositions, were given and refused, but these which I have quoted sufficiently present the question as to which I am unable to concur in the conclusion of the court.

The decisions heretofore made upon this point have been to the effect that the contestant of a will, merely because the statute designates him as the plaintiff on the trial of the contest (Code Civ. Proc., sec. 1312), must prove not only his affirmative allegations, but must also support his negative allegations by a preponderance of evidence, but in so holding the court, whenever the question has been treated as a matter

for serious discussion, or any consideration beyond a mere reference to the previous decisions or *dicta,* has taken occasion to express its surprise that the legislature should have established a rule of procedure so anomalous and so inconvenient in practice. But while condemning the rule they have felt constrained to follow it, because, and only because, the law has been so written. The truth, however, is that the law is not so written. The important and controlling provision of the statute has been entirely overlooked, and all the decisions based upon a false assumption as to what the law is. A review of the cases in which it has been decided (only two or three), and in which it has been said *obiter* (two or three others), that the contestant of a will sustains the burden of proof upon every issue raised by the contest, will show that they all depend upon the mere authority of the case of *Estate of Dalrymple,* 67 Cal. 444, where the point is decided without any discussion whatever, by simple reference to, and indorsement of, a *nisi prius* decision of Judge Myrick in the *Estate of Collins* (Myrick's Prob. Rep. 74). Whatever reason the rule has to support it, therefore, is to be found in that decision of Judge Myrick; for none other has ever been suggested. As the statement of the case and the decision are brief, and the report perhaps not generally accessible, I quote them in full:—

"A paper was offered for probate as the will of deceased. A nephew files objections and contests the probate, on the grounds that deceased did not sign the paper; that the signature is a forgery; that deceased was not of sound and disposing mind.

"A jury was impaneled and sworn to try the issues.

"Without calling any witnesses or offering any proof, contestant claimed that the proponent must, in the first instance, prove the will, before the contestant could be called upon to offer proof. Proponent claimed that the contestant must first make out his case before the proponent could be called upon to reply to it.

"BY THE COURT: Under the last clause of section 1312, C. C. P., the contestant is plaintiff and the proponent is defendant. Under section 607, the trial must proceed in the order, viz.: plaintiff must produce the evidence on his part,

and *then* the defendant may offer his evidence. It may be, as suggested by counsel, that this presents the singular condition that the contestant must prove a negative. An answer is found in the statute; it is so written. The theory of this statute seems to be as follows: A paper is offered as a will; it is contested on any one or more of the statutory grounds; a jury is sworn to try the issues raised by the contest; not to pass upon any other fact. Upon *those issues,* the contestant is plaintiff. It may happen that a contest is raised as to one only of the statutory grounds, for instance, say not witnessed. That issue is the only issue before the jury, and their verdict will be conclusive upon it. But upon the rendering of the verdict upon that issue the court could not admit the will to probate. The *court,* not the jury, will hear evidence upon all the points required by the statute not raised by the contest, and admit or reject. In this case, as to all matters involved in the issues raised by one contest, the contestant is plaintiff and must go forward."

The assumption which forms the basis of this opinion that the contestant of a will is plaintiff as to every separate *issue* made by the contest is either entirely unwarranted by the statute or, if warranted, is entirely inconsequential. The statute (Code Civ. Proc., sec. 1312) does not say that the contestant is plaintiff as to the *issues,* but only that on the trial of the contest he is the plaintiff. If this makes him plaintiff as to the separate issues, then, upon the same principle, the holder of a promissory note must be the plaintiff as to every issue that can be made in an action on the note; for certainly he is plaintiff on the trial of the action. If, therefore, one is plaintiff as to the separate issues, so is the other, and so is every plaintiff in every action or special proceeding. But assuming this to be so, does the consequence follow that he must "go forward" with his evidence upon every separate issue? Is the assumption, in other words, of any consequence or relevancy whatever upon the question of burden of proof? To this question the statute and numerous decisions of this court plainly answer, No!

Section 607 of the Code of Civil Procedure, cited by Judge Myrick, prescribes the order of procedure upon the trial of an action, and merely says that "The plaintiff, after stating the issue and his case, must produce *the evidence on his part.*"

But what is the evidence *on his part* that he must produce before the defendant is required to proceed? To this question two sections of the same code, which were entirely overlooked by Judge Myrick, furnish an answer utterly at variance with his conclusion. By section 1869 it is provided: ''Each party must prove his own *affirmative* allegations. Evidence need not be given in support of a *negative* allegation, except when such negative allegation is an essential part of the statement of the right or title on which the cause of action or defense is founded, nor even in such case when the allegation is a denial of the existence of a document, the custody of which belongs to the opposite party,'' and section 1981, ''The party holding the affirmative of the issue must produce the evidence to prove it; therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side.''

The meaning of these rules, and their proper application, is fully illustrated by the discussion of the question as to the burden of proof on the issue of non-payment in the recent case of *Melone* v. *Ruffino*, 129 Cal. 518,[1] in which several of the former decisions of this court in actions upon promissory notes are reviewed. There can in fact be no better illustration of the meaning and due application of section 607 of the Code of Civil Procedure than is offered by an ordinary action upon a promissory note. The plaintiff must allege the making of the note, that he is the present holder, and that it has not been paid. The defendant may deny each of these allegations, or he may admit the making and delivery of the note and deny that plaintiff is the holder or allege payment. In such case, who supposes that at the trial the plaintiff is required by section 607 to go forward upon the issue of non-payment? He makes his case by producing the note or accounting for its loss, and it then devolves upon the defendant to prove by a preponderance of evidence that he has paid it.

The same rule, founded upon the same provisions of the statute (Code Civ. Proc., secs. 607, 1869, 1981), applies to the trial of a will contest. The contestant, being the plaintiff in the proceeding, must prove his affirmative allegations, but

---

[1] 79 Am. St. Rep. 167.

he need give no evidence in support of any negative allegation unless such negative allegation is an essential part of the statement of the right or title on which his cause of action is founded. (Sec. 1869.) Everything depends, therefore, upon the question whether a will contest is one of those rare and exceptional cases—like an action for malicious prosecution—where the non-existence of a fact (probable cause) is the basis of plaintiff's right. This, it will be seen, is practically conceded in the opinion of the court, where, in order to distinguish the recent and well-considered case of *Melone* v. *Ruffino,* 129 Cal. 518,[1] it is held that "the allegations of non-execution were an essential part of the statement of the right on which contestant's cause of action was founded."

Here, then, is the proposition upon which the court, abandoning the grounds of Judge Myrick's decision, and all of our own decisions in which he has been followed, without inquiry or discussion, finds it necessary to base its conclusion.

But is non-execution of a will an essential part of the statement of an heir's right? Or is there any analogy between the allegation of non-execution (or what is the same thing, the denial of execution) and the allegation of want of probable cause in an action for malicious prosecution? On the contrary, the distinction between the two cases is very clear. To prevail in an action for malicious prosecution, the plaintiff must prove not only a prosecution, but the malice of the prosecutor. There is no presumption of malice, but a strong presumption of innocence, and to overcome this presumption the plaintiff must adduce some evidence tending to prove that the prosecution was commenced or carried on in bad faith.

But, in favor of the heir of a decedent, every presumption is against testacy. This has always been the law, and is emphatically the statute law of this state. In the great will case of *Delafield* v. *Parish,* 25 N. Y. 35, which was argued by such eminent counsel as Charles O'Conor and William M. Evarts, and in which several elaborate opinions were filed by the different members of the court of appeals, this proposition was upon an extensive review of the authorities established without dissent: "That the heirs of a deceased person can rest securely upon the statutes of descents and distributions,

[1] 79 Am. St. Rep. 167.

and that the rights thus secured to them can only be divested by those claiming under a will and in hostility to them, *by showing that the will was executed with the formalities required by law, and by a testator possessing a sound and disposing mind and memory.''*

Our statute is to the same effect. Every proponent of a will must, among other things, allege its due execution, and even in the absence of a contest no will can be admitted to probate without affirmative proof that it was executed in all particulars as required by law and by a person of sound mind. If a will is contested, stricter proof on these grounds is required, for it is expressly provided by statute that while a will may be established by the testimony of one subscribing witness, if not contested (Code Civ. Proc., sec. 1308), all the subscribing witnesses must be called and examined as to a contested will, unless the death, absence, or insanity of one or more of them is satisfactorily shown. (Code Civ. Proc., sec. 1315.) And before the alleged will can be admitted to probate the court must be satisfied upon the proofs taken or from the facts found by the jury that the will was duly executed and that the testator was of sound and disposing mind, and not acting under duress, menace, fraud, or undue influence. (Code Civ. Proc., sec. 1317.) In the face of these provisions, it certainly cannot be claimed that there is a presumption of testacy, and, if not, it is difficult to perceive any reason for requiring the contestant of a will to go forward with proof of that which is presumed in the absence of proof,—viz., that there is no will.

With respect to such issues as insanity, undue influence, fraud, or duress, section 1981 of the Code of Civil Procedure supports the case of the proponent of the will in the same way and for the same reason that it sustains the contestant upon the issue of due execution, publication, and attestation. And, therefore, though the proponent must, in conformity to the rule of *pleading,* allege soundness of mind and absence of duress, etc., he is exempt by the rule of *evidence* from the necessity of proving these allegations until some evidence is adduced tending to overthrow the presumption in favor of sanity and against duress, fraud, and undue influence.

Is it, then, an essential part of the statement of the right or title upon which a contestant's cause of action is founded.

to allege the non-existence of that which the law presumes not to exist? What is the right or title upon which the contestant's cause of action is founded? If, as in this case, the contestant is an heir his title consists in such relation to the decedent by blood or marriage as gives him the estate or an interest in it, under the law of succession. That is his title, and his whole title, and his cause of action is the establishment of that title. The proponent of the will represents the interest of the devisees and legatees claiming under a conflicting title. As to their respective claims of title, each is an actor, and must prove his claim affirmatively. *Prima facie,* the admitted heir has the best title, and it must prevail, unless the will is established by affirmative proof of its due execution.

The nearest analogy to the contest of a will is a case of interpleader or of intervention, where several parties are asserting conflicting claims to the same thing, and where each is required to make his own claim good. When a man dies his estate passes under the control of the probate court as a fund for the satisfaction of his creditors and for distribution of the residue to those succeeding to his title. If a will is offered for probate, the court, by its notices and citation, calls upon the heirs, devisees, and legatees to interplead. Any person interested in the estate adversely to the dispositions of the will may contest the probate, and no one else can. (Code Civ. Proc., sec. 1307.) The contestant must therefore allege facts showing that the estate, or an interest in it, devolves upon him as heir or as executor, devisee, or legatee under another will, in case the contested will is not proven. The court, then, has before it two conflicting claims to the same fund,—one by the proponent, and one by the contestant. This fact, and the consequence that necessarily flows from it,—viz., that the proof of the opposing claims must be offered in some orderly sequence,—explains and justifies the provision of the statute that on the trial of the contest the contestant is plaintiff. For his relationship may be contested by the proponent, as it was in this case, and as it frequently is. We have had numerous instances of late years in which the claim of the contestant has been based upon a disputed adoption, or legitimation, or marriage, and these issues have involved long and embittered controversies—their tiial overshadowing all other issues in

CXL. Cal.—28

the case. Such instances illustrate the wisdom and propriety of making the contestant the plaintiff on the trial. He must allege his interest in the estate as the basis of his right to contest, and if his interest is denied, he ought to be required to prove it *in limine,* for in the absense of *prima facie* proof on that point the contest would be at an end, and the case of proponent would be heard *ex parte.* This is the sole and sufficient reason for making the contestant the plaintiff on the trial; that, to maintain a contest at all, he must at the outset prove, if the fact is in issue, that he has an interest in the estate which the contested will would take away or diminish. When he has done this he has made out his cause of action and may, as said by the New York court of appeals in the Parish case, rest secure upon the statute of descents until a will has been proved, and having established his *status* as an heir, or devisee, or legatee, or executor under a prior will, he may demand strict proof of the execution of the contested will on the part of the proponent before producing his rebutting evidence. To hold otherwise is to impute gratuitously to the legislature the enactment of a law which, as often as it has been so construed, has been pronounced absurd.

If it be claimed that we should adhere to our former rulings simply because they have established a rule of practice, I answer that the principle of *stare decisis* does not protect a vicious rule of practice, when the utmost evil effect of setting it aside would be to require a new trial of doubtful issues in a few pending cases, and when the advantage would be that in innumerable cases yet to arise the courts and the parties would be freed from the trammels of a rule the mere statement of which involves its condemnation, not only upon the score of convenience, but upon considerations of substantial justice.

But if the rule as *we* have made it must continue to prevail, with the absurd consequence that when a will is contested, and when the evidence of its execution is doubtful or conflicting, it must nevertheless be admitted to probate, unless the contestant has proved non-execution by preponderating evidence, we should at least assume the blame ourselves, and not continue to lay it on the legislature by insisting that the law is so written. The statute law is plain enough, and entirely consistent with a course of procedure in the trial of a contest

utterly at variance with that adopted in this case. Reading the statute, I should have no difficulty in determining that the proper procedure at the trial would be to require the proponent in the first place to establish the jurisdictional facts, —i. e. the death of the alleged testator, his residence, etc.,— for the failure to establish these facts would put an end to the proceeding without the necessity of any proof whatever on the part of the contestant. If the jurisdictional facts are proved, the next step is to impanel a jury, if a jury has been demanded, and to hear proof of the interest of the contestant in the estate; for if there is a failure of proof on this point, the contest is at an end, and the case of the proponent will be heard *ex parte* by the court. If the contestant establishes *prima facie* a sufficient interest in the estate, the proponent must then put in his case in support of the will,—that is, he must prove what the law requires the court to find in order to admit the will to probate. To establish its execution he must offer the positive and direct evidence necessary for that purpose. To prove soundness of mind, absence of undue influence, etc., he may rely upon the presumption against insanity or undue influence, where it is not overcome by the evidence given upon the direct or cross-examination of the witnesses called to prove the execution of the will. When the proponent has thus made his *prima facie* case, the contestant may introduce evidence of fraud, undue influence, or insanity,—the issues as to which the presumption is against him,—and this evidence the proponent may rebut.

This reasonable course of procedure—a procedure perfectly consistent with the code provisions, and the same that is pursued in other jurisdictions and in all analogous cases— was widely departed from in the trial of this contest. No evidence as to the residence of the decedent in San Francisco seems to have been offered until a week after the trial of the contest was ended and the verdict of the jury recorded. The evidence as to the claim of the contestant to be the widow of the decedent came in at the end of the trial, and this issue, though made by the pleadings, was never submitted to the jury or found by the court. And, finally, the jury were instructed that they must find that the will was duly executed, unless the contestant had proved by a preponderance of evidence that it was not duly executed.

As to the question of decedent's residence at the time of his death, I think the finding is against the evidence, which showed without conflict that he had been actually living in Lake County for about a year, and that he had, for the purpose of voting, sworn that he was a resident of that county. And in view of the fact that no attempt to prove him a resident of San Francisco was made until a week after the verdict of the jury had been rendered, I think it is hardly to be imputed to contestant as a fault that he did not object to the sufficiency of the proof before the verdict.

I think, also, that the court erred in requiring no bond of the executrix. The entire estate consists of money, amounting to twenty thousand dollars. All of this goes into the hands of the executrix without any security whatever to the contestant, who, as widow, is entitled to one half of it, and under an *antenuptial* contract seems to have a just claim to the whole of it. The statute commits to the probate judge the power in his discretion to require a bond, notwithstanding a direction of the testator to the contrary. It assumes, of course, that his power is to be exercised, when necessary, for the protection of those who are entitled to protection. If the testator undertakes to dispose of nothing which is not entirely his own, no one would have a right to demand a bond of his executor where he has chosen to dispense with it. But where it appears that his estate is largely indebted, I think it would be abuse of discretion to disregard the demand of his creditors for adequate security, if the character of the estate was such as to admit of embezzlement or waste. In this case the testator has given to the uncontrolled custody of an executrix pecuniarily irresponsible twenty thousand dollars in money, half of which certainly, and all of which possibly, belongs to his widow,—money entirely beyond his testamentary power, and which he has no right to expose to loss. I can conceive of no case calling more loudly for the exercise of the discretion of the court to require a bond of the executrix.

Henshaw, J., and Lorigan, J., concurred in the dissenting opinion.

Rehearing denied.

The following opinion was rendered by Shaw, J., on the 2d of November, 1903, on the application for a rehearing:—

SHAW, J.—In my opinion the petition for rehearing should be denied. A number of briefs from several interested parties have been filed in support of the petition for rehearing in this case, and they suggest some further consideration of the procedure involved in the probate of wills. In every case of a contest of a will before probate there are, in law and in fact, two distinct, and to some extent independent, proceedings before the court. One is the petition of the proponent for the admission of the will to probate. The other is the contest, an affirmative proceeding, based on the written grounds of opposition filed by the contestant. There is no pleading on the part of the contestant that is addressed to the petition, or that is in the nature of an answer to it. The petition stands unanswered, and is to be disposed of by the court in much the same manner as if there were no contest. The contest is inaugurated by the filing of the "written grounds of opposition," in which must be set forth the facts upon which the contestant bases his assertion that the will is invalid. These may be either the lack of due execution, the mental unsoundness of the testator at the time of its execution, or the procurement of its execution by menace, duress, undue influence, or fraud. To this pleading on the part of the contestant the proponent, or other person interested, files an answer, and thus raises an issue for trial. It is only where an issue as to the execution of the will is presented that any difficulty can arise as to the burden of proof.

The hearing of these two proceedings must come at the same time, and it is this circumstance which causes the confusion about the proper method of procedure. When the contest comes after probate, as it may do under section 1327 of the Code of Civil Procedure, this matter is much simpler, and it would not be seriously contended that the contestant should not then have the burden of proof. At that time the proceeding on the petition has been already heard and determined, and its distinct character is easily perceived. There is, however, no essential difference in this respect between a contest before probate and one subsequent thereto. In either case the hearing of the formal proceeding

for probate is presupposed. Where the contest is before probate, and comes on for disposal simultaneously with the petition, the hearing of the contest does not dispense with the hearing and disposition of the petition. In such a case the regular and orderly method of procedure is for the proponent to first present his preliminary proof in support of his petition. These averments, it must be remembered, are not controverted by any pleading. The so-called "written grounds of opposition" provided for in section 1312 of the Code of Civil Procedure is not a response to the petition, controverting or avoiding its allegations. It is a pleading collateral to the petition, and related to it only to the extent that it cannot be filed until there is a petition filed, and that it is in some sense subordinate to it, so that if the petition is dismissed, or if it is denied after the hearing of the formal preliminary proof, the contest falls with it. This preliminary proof is addressed to the court alone. If a jury has been called to try the issues arising upon the contest, the preliminary proof is for the court, and not for the jury, unless the court directs the contrary, or the parties treat it as part of the case for the jury. If, after hearing this proof, the court is of the opinion that a *prima facie* case is made in support of the will, it should reserve its decision upon the petition and direct the trial to proceed upon the contest in the manner specified in section 607 of the Code of Civil Procedure, the contestant, as plaintiff, first introducing his evidence in support of his written grounds of opposition, and the proponent, as defendant, then producing his evidence in support of his answer thereto, and in rebuttal of the evidence on behalf of the contestant. If the preliminary proof does not satisfy the court, it should thereupon refuse probate and end the proceeding without further ceremony. If the contest raises an issue concerning the execution of the will, it may become necessary for the proponent in his rebuttal to again produce the evidence offered to the court upon his preliminary hearing. This, however, will generally be found unnecessary, especially where the trial is by the court. And as section 607 authorizes the judge, for special reasons, to direct a different order of trial, he may require the proponent to defer his preliminary proof until after the contestant has introduced his opening evidence,

and thus avoid repetition. If the contestant who has raised an issue as to the execution of the will offers no evidence upon that subject, this would not authorize the court to admit the will to probate, as upon default, without proof of its execution. The preliminary proof must be made to the court in such a case the same as if the contest had been withdrawn, or had never been filed.

The suggestion is made that if the contestant has the burden of proving · that the will was not executed, it may happen that the jury or court may admit a will to probate where the evidence on each side is evenly balanced. This must be conceded; but it is nothing more than may happen in any case where negative allegations constitute an essential part of the statement of the right on which the cause of a party is founded. In all such cases under section 1869 of the Code of Civil Procedure the party asserting the negative must prove it. It would not be possible in any case to obtain probate of a will without proof of its execution, for, as above stated, the preliminary proof, whether it comes in before or after the evidence of the contestant, must be sufficient to make a *prima facie* case; else the court must refuse probate.

The provision of section 1869 of the Code of Civil Procedure, that a party asserting a negative need not prove it where his negative consists of the denial of the existence of a document, the custody of which belongs to the opposite party, has no application to denials of the due execution or attestation of a document. That exception applies only to an issue as to the material existence of the document itself. It is founded upon the proposition that a person to whom the custody of a document belongs usually is in possession or control of it, and therefore can more easily prove its existence than the other party can prove its non-existence. It is non-existence in point of fact that is referred to in the final clause of section 1869, and not that sort of existence in legal effect which, as to dispositive documents, comes alone from due execution.

Neither section 1716 nor 1981 of the Code of Civil Procedure are in conflict with these conclusions. They merely state or refer to the well-known general rule that the burden of proof is on the party holding the affirmative of an issue.

Section 1869 of the Code of Civil Procedure states an equally well-known and long-established exception to the rule, and this is a case which comes within the exception.