[No. 8872. Department Two. — September 18, 1885.]

# IN THE MATTER OF THE ESTATE OF WILLIAM H. DALRYMPLE, DECEASED.

WILL — CONTESTING PROBATE — JURY TRIAL. — In a contest as to the probate of a will, where a jury was impaneled to try the issues, the contestants were not prejudiced by the action of the court in submitting to the jury certain issues proper in themselves, but amounting substantially to a repetition of others presented by them and allowed by the court, and on which the jury found against them.

ID. — PRACTICE — ORDER OF PROOF. — In such a case, the contestants are plaintiffs, and have the affirmative of all the issues raised by the contest.

ID. — INSANITY — EVIDENCE. — It being claimed that the will was invalid by reason of the insanity of the testator at the time of its execution, evidence was admitted as to his sanity at other times during the course of a progressive disease supposed to have affected his mind. *Held*, that the evidence was properly admitted.

ID. — GROUND OF CONTEST NOT INCLUDED IN THE ISSUES. — Where a question affecting the validity of the will is not included in the issues submitted to the jury, the court may proceed to determine it upon the evidence.

APPEAL from a judgment of the Superior Court of the county of Marin, and from an order refusing a new trial.

The will was conditional to take effect in case the testator should die from the illness under which he was suffering at the time of its execution. The remaining facts are stated in the head-notes and opinion.

*H. Dorsey Gough,* and *L. Quint,* for Appellants.

*Flournoy & Mhoon,* for Respondent.

FOOTE, C.—The tenth and eleventh issues allowed to be tried by the jury in this, a case of the contested probate of a will, were not in themselves improper, under the rule laid down in the *Gharky Case,* 57 Cal. 274.

The contestants claimed those issues to be substantially a *repetition* of the seventh and eighth tendered by them and allowed by the court, and that those last wherein the jury found against them were the true issues upon the matters to which they related. If this be true, contestants cannot complain, since the finding of the jury upon those issues support *pro tanto* the order or decree made and entered by the court.

There can be no reasonable ground to doubt that section 607 and section 1312, subdivision 4, of the Code of Civil Procedure, as construed in the *Estate of Collins,* Myrick's Reports, 73, constituted "on the trial the contestants plaintiffs, and the petitioner defendant." The reason there given that the matter is entirely controlled by the statute seems to be conclusive.

The court rightfully said "as to all matters involved in the issues raised by the contest, the contestant is plaintiff and must go forward."

The evidence submitted to the jury being conflicting upon all the material issues, their verdict should be upheld.

Objection is urged to the competency of the testimony of various witnesses for the proponent. It is claimed that not being experts they should have established their intimacy with the testator, and before being permitted to testify as to their opinions of his sanity or insanity, should have stated the reasons therefor.

The testimony as delivered by the witnesses appears to have made evident the intimacy required, and to have included the reasons for their opinions.

The objection that the witnesses testified to the condition of mind of the testator at times too remote from that of the execution of the will is not tenable. The disease causing his insanity was a progressive one.

The court committed no error in admitting or excluding any

of the evidence offered. (§ 1870, subd. 10, Code Civ. Proc.; *People* v. *Sanford*, 43 Cal. 33; *Estate of Toomes*, 54 Cal. 509.)

The law as contained in the instructions given by the court to the jury and allowed to go to them as requested by counsel, is properly stated. The modifications of instructions made were correct, as was also the refusal of certain of them.

That tribunal seems to have had in view in its action in the premises, the law as laid down in the *Estate of Gharky*, 57 Cal. 274, and *Estate of Low*, Myrick's Reports, 147; and applied the correct principles therein stated to the facts of the case at bar.

There was no question of marriage involved in the contention, and the jury were not misled, but disabused of any wrong impression which they might otherwise have had from the proposed instruction asked by contestants on that subject, and refused orally in their presence by the court, as also from the testimony on that point by Mr. Gough.

The conduct of the court in studiously keeping the jury upon the beaten track as to the issues to be by them tried, is to be commended.

Its action in finally making and entering its order or decree without allowing the contestants at the time proposed by them to have the issues tried, whether or not the death of the testator had been the result of the illness under which he suffered at the time of the execution of the will, was proper.

The testimony was ample to support the finding of the court upon that point, and the contestants by not including it among the issues they first submitted to the jury, and upon which the jury found, waived such right, and it then became the duty of the court to consider the evidence and make a finding thereon.

The province of the court and jury in such case is stated in the *Estate of Thomas Collins, supra.*

"The theory of this statute seems to be as follows: A paper is offered as a will; it is contested on any one or more of the statutory grounds; a jury is sworn to try the issues raised by the contest, not to pass upon any other fact. Upon those issues the contestant is plaintiff. It may happen that a contest is raised as to one only of the statutory grounds, for instance say not witnessed. That issue is the only one before the jury and their verdict will be conclusive upon it. But upon the render-

ing of the verdict upon that issue, the court could not admit the will to probate.   The court, not the jury, will hear evidence on all the points required by the statute, not raised by the contest, and admit or reject."

The order of the court admitting the will to probate and appointing Peter Alferitz administrator, etc., and that denying a new trial, ought to be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the orders are affirmed.

Hearing in Bank denied.