# Richmond.

HOPKINS AND ANOTHER v. WAMPLER AND ANOTHER.

November 19, 1908.

1. WILLS—*Sanity of Testator—Burden of Proof—Degree of Proof.*—Where the sanity of a testator is drawn in question, the burden is upon the propounder of the will to prove to the satisfaction of the jury the sanity of the testator at the time of the execution of the alleged will; and, in determining that question, the jury should take into consideration the presumption in favor of the testator's sanity. Every man is presumed to be sane until evidence that he is of unsound mind is introduced.

2. WILLS—*Sanity of Testator—Opinions of Non-Experts—Weight of Evidence.*—Non-expert witnesses may give their opinions upon the question of sanity of a testator when they state the facts and circumstances, within their personal knowledge, upon which their opinions are based. Whether the witnesses have had sufficient opportunity of knowing and observing a testator to form a reliable opinion as to his mental condition affects the weight rather than the admissibility of their testimony.

3. WILLS—*Sanity of Testator—Family Estimation—Hearsay.*—Whether or not a testator was regarded in his family as weak minded and childish is hearsay and cannot be received in evidence. It is competent to prove the treatment of a testator by the family, but not their opinions of his mental condition.

Error to a judgment of the Circuit Court of Rockingham county upon the trial of an issue *devisavit vel non.* Judgment for the plaintiffs. Defendants assign error.

*Reversed.*

The opinion states the case.

*E. B. Crawford* and *D. O. Dechert,* for the plaintiffs in error.

*Sipe & Harris,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

The plaintiffs in error, J. H. Hopkins and Susannah Hildebrand, proponents of a paper writing purporting to be the last will of Amanda E. Miller, deceased, bring error to the final sentence and judgment of the trial court approving the finding of the jury, on an issue *devisavit vel non,* that said paper was not, nor was any part thereof, the true last will of Amanda E. Miller.

The sole question submitted to the jury was the testamentary capacity of the testatrix, and the principal error assigned relates to the ruling of the court in the matter of the degree of proof which rested upon the proponents on the trial of that issue.

The instruction complained of told the jury: "That a party who seeks to set up a will must prove by a preponderance of evidence that the paper offered for probate is the true will of a capable testator, and that nothing short of clear and convincing evidence will suffice; and unless the jury believe that it has been established by clear and convincing evidence that Amanda Miller was a capable testatrix at the time of the execution of the paper   *   *   *   they must find a verdict against the same."

The unqualified language of this instruction, which wholly omits the presumption in favor of sanity and announces the proposition that the burden of proving testamentary capacity by clear and convincing testimony is upon the proponents, is not in harmony with the established rule on that subject, and was calculated to mislead the jury.

It is true that in probate proceedings the court or jury must be satisfied, not only that the will has been executed in accordance with the statute, but also that it is the last will of a free and capable testator. Yet, in general, the latter is presumed when the due execution of the will is proved. 2 Min. Inst. (2nd ed.), pp. 939-940; *Wallen* v. *Wallen,* 107 Va. 131, 57 S. E. 596, 1 Va. App. 351.

In *Burton* v. *Scott,* 3 Rand. 399, Judge Carr, in discussing the rules of evidence which govern questions of insanity in cases of probate, observes: "I understood the counsel for the appellants (the contestants) to lay it down, as a general rule, that it was incumbent on the devisee claiming under a will, to prove the sanity of the testator; that the *onus* was upon him, in every question of this sort. Taken in this latitude, I do not consider the position correct. The natural presumption is that every man is sane and competent to make a will, and this presumption must stand until destroyed by proof on the other side. To say that insanity must be presumed until sanity be proved, would seem to be saying that insanity is the natural state of the human mind." *Temple* v. *Temple,* 1 Hen. & Munf. 476; *Porter* v. *Porter,* 89 Va. 118, 15 S. E. 500; *Wallen* v. *Wallen, supra.*

Where, however, the sanity of the testator is put in issue by the evidence of the contestant, the *onus probandi* lies upon the proponent to satisfy the court or jury that the writing propounded is the will of a capable testator. Yet, upon the trial of that issue, there is an existent presumption in favor of the testator's sanity. Indeed, of such force is that presumption in our jurisprudence, that though one be on trial for a felony, involving life or liberty, when the defense of insanity is relied on, it must be proved to the satisfaction of the jury.

In *Wallen* v. *Wallen, supra,* the doctrine is thus formulated: "The burden of proving testamentary capacity is on the propounder of a will, but when a will is offered for probate and it is shown that all the statutory formalities have been complied with, and especially when it appears that the will is wholly in the handwriting of and is signed by the testator, there is a presumption of testamentary capacity. There is, indeed, a presumption in favor of the sanity of every man until evidence that he is of unsound mind is introduced."

On the question of the *quantum* of proof of testator's sanity, the court approved an instruction, that it must be established

by "a preponderance of testimony" rather than by "clear proof."

In the leading case of *Riddle* v. *Johnson's Ex'or*, 26 Gratt. 152 (a suit in equity to set aside a bequest to testator's attorney who wrote the will), the court, upon a review of the authorities in this country and in England, at page 177, quotes with approval the rule laid down by Baron Parke, in *Barry* v. *Butlin*, 1 Curt. Ecc. R. 637: "That the *onus probandi* lies in every case upon the party propounding a will; and he must satisfy the conscience of the court that the instrument so propounded is the last will of a free and capable testator."

It was suggested in the argument of the case in judgment, that a higher degree of proof of testamentary capacity was required in *Tucker* v. *Sandidge*, 85 Va. 546, 8 S. E. 850; *Chappell* v. *Trent*, 90 Va. 849, 19 S. E. 314, and *Gray* v. *Rumrill*, 101 Va. 512, 44 S. E. 697.

In those cases, it is true, the court does say that "nothing short of clear and convincing evidence will suffice," or that the proof must be "clear and convincing." But to sustain that proposition *Tucker* v. *Sandidge* cites *Riddell* v. *Johnson*; *Chappell* v. *Trent* refers to no authority; and *Gray* v. *Rumrill* cites the two former cases. So it will be observed that these cases rely upon *Riddell* v. *Johnson*, and, while they change the phraseology of the rule, it is not believed that it was intended to modify the well-settled doctrine of the degree of proof required in that class of cases.

We conclude on that branch of the case (testatrix's sanity having been drawn in question), that the burden of proving her sanity at the time of the execution of the alleged will to the satisfaction of the jury rested upon the propounders; and in determining that question the jury should also have taken into consideration the presumption in favor of testatrix's sanity.

The other assignments of error, requiring notice, direct attention to rulings of the court permitting certain witnesses to give their opinions on the question of testatrix's sanity.

It is conceded that a non-expert witness may give his opinion on that subject when he states the facts and circumstances within his personal knowledge, upon which his opinion is based. *Young* v. *Barner,* 27 Gratt. 96; *Insurance Co.* v. *Lathrop,* 111 U. S. 612, 28 L. Ed. 536, 4 Sup. Ct. 533. But the exception to the admissibility of the testimony rests upon the contention that these witnesses do not show that they had sufficient opportunity of knowing and observing the testatrix to form a reliable opinion as to her mental condition.

We are of opinion that the objection affects the weight rather than the admissibility of the testimony, and is, therefore, not well taken.

Other exceptions are to the admission of testimony tending to show that the testatrix was regarded in her family as weak-minded and childish.

It is competent to prove the treatment of the testatrix by the family, but not their opinions of her mental condition. Wigmore on Ev., sec. 1621, citing *Foster* v. *Brooks,* 6 Ga. 290, where it is said: "Hazardous in the extreme would it be to the rights of parties under the law, if they were allowed to depend upon the opinion of a neighborhood of the sanity of individuals. Hearsay evidence is excluded, because a witness ought to be subjected to cross-examination, that being a test of truth. It ought to appear what were his powers of perception, his opportunities of observation, his attentiveness in observing, the strength of his recollection, and his disposition to speak the truth." See also *State* v. *Coley,* 114 N. C. 879, 19 S. E. 705.

Upon these considerations, we are of opinion that the sentence and judgment of the trial court should be reversed, the verdict of the jury set aside, and the case remanded for a new trial to be had not in conflict with this opinion.

*Reversed.*