[APRIL TERM, 1917.]

## WOOD, ET AL. v WOOD, ET AL.

(No. 889; Decided May 7th, 1917; 164 Pac. 844.)

WILLS—CONTEST—REVIEW—PRESUMPTION—STATUTES—CONSTRUCTION
—RULE OF CONSTRUCTION AS TO LAWS COPIED FROM OTHER STATES—
EFFECT OF CONSTRUCTION OF STATE FROM WHICH STATUTES COPIED
—ACTION TO CONTEST WILL—BURDEN OF PROOF IN WILL CONTEST—
INSTRUCTIONS—TRIAL—CONSTRUCTION OF WILL AS A WHOLE—AP-
PEAL AND ERROR.

1. On appeal in a will contest where the bill of exceptions does
   not state whether statutory proofs of the subscribing wit-
   nesses were offered in evidence at the trial, or whether the
   subscribing witnesses were then sworn and examined, but
   the bill does not purport to contain all of the evidence, the
   appellate court may assume, in view of Compiled Statutes,
   1910, Section 5441, requiring formal proofs of subscribing
   witnesses when a will is offered for probate, that the will
   was produced and its due execution and competency of the
   testator sufficiently proved by the subscribing witnesses.
2. While Compiled Statutes, 1910, Section 5440, relating to wills,
   is not a literal copy of the corresponding section of the
   California Code, that part of it prescribing the manner of
   proving a will and framing the issues in a contest opposing
   the probate thereof, is the same as the California section,
   and having been adopted from that state, the construction
   there given the statute as to the burden of proof in will
   contests should be accepted and followed.
3. Any person of full age and sound mind may will his prop-
   erty. (Comp. Stat. 1910, Sec. 5394; Laws 1915, Chap. 149,
   Sec. 1.) In the absence of contest, a will may be admitted
   to probate on the testimony of one of the subscribing wit-
   nesses showing due execution and that testator was of
   sound mind. (Comp. Stat. 5418.) If upon proof taken
   the court is satisfied that the will was duly executed and
   that testator was of sound mind and not acting under
   duress, menace, fraud or undue influence, a certificate of
   the facts found must be signed by the judge and attached
   to the will. (Comp. Stat. 1910, Sec. 5444.) The procedure
   in will contests is prescribed by Comp. Stat. 1910, Sec. 5440,
   and it is necessary for the proponent in the first instance
   to establish a prima facie case by the formal proofs of the
   subscribing witnesses. In view of the presumption in favor

of the sanity of the testator, the burden is upon the contestant to show by a preponderance of the evidence that the testator was not of sound mind at the time the will was executed or that he was so influenced by others that he was not a free agent in making the will, unless the case be brought within the exception, where previous incompetency is sufficiently shown to change the burden.

4. In an action to contest a will, an instruction that insanity or unsoundness of mind must be established with "reasonable certainty" was explained, if not limited, by the statement immediately following that the evidence of insanity should preponderate or the will be taken as valid, and another instruction on which the verdict is made to depend upon the preponderance of the evidence, and a later instruction explaining that preponderance of the evidence does not mean the greater number of witnesses, but the weight and value given the evidence of the witnesses by the jury.

5. The effect of the instructions is not to be determined alone upon a single statement to which exception is taken, but the charge must be taken as a whole in determining its natural effect.

6. In action to contest a will in the absence of a statement of the evidence to enable the court to determine whether a statement "that uncertainty or unsoundness of mind must be established with reasonable certainty" was in fact prejudicial, the appellate court will not order a reversal on that ground.

7. In the absence of evidence, the appellate court will not order a reversal on the ground that instructions were argumentative.

8. In the absence of the evidence, the appellate court will not order a reversal on the ground that one of the instructions declares that influence is not ordinarily considered undue, which arises out of "flattery," that being mentioned as one of several things that might influence testator without being undue, viz., sympathy, kindness, attachment, or affection, gratitude for past services, desire of gratifying another's wishes or of relieving distress, claims of kindred and family, love, esteem, social relations, prejudice, passive encouragement of resentment and flattery, since even if erroneous the prejudicial effect would largely depend upon the evidence.

ERROR to District Court, Sheridan County; CARROLL H. PARMELEE, Judge.

Petition by Daniel J. Wood, et al. for the probate of the will of Levi Wood, deceased. N. D. Wood, et al., contested the admission of the will to probate; from a decree for the proponents admitting the will to probate, contestants bring error.

*Burgess & Kutcher,* for plaintiffs in error.

It was error to charge that the burden of proof rested upon contestants to establish the insanity of the testator and that unsoundness of mind must be established wth reasonable certainty by contestants. The burden of proof throughout the case was upon the proponents of the will, and it never shifted. (Sections 5394, 5418, 5442 and 5444.) The right to make a will is a creature of statute, and not a common law right and is restricted to persons accorded the right by statute. One presenting a will must show that the testator was sane before the will can be probated. (Sections 5418, 5444 and 5442, Comp. Stats. 1910.) The presumption of sanity does not obtain in the probate of a will; proof of execution does not dispense with necessity of proof of sanity, nor create a presumption of sanity. (Beazley v. Denison, 40 Tex. 416.) The weight of authority is that the burden of proof is upon the proponents of the will. (Wigmore Ev., Sec. 2500; 40 Cyc. 1020; Crowninshield v. Crowninshield, 2 Gray, 524 (Mass.); Seebrock, et al., v. Fedowa, 46 N. W. 650 (Neb.); In re. Layman's Will, 42 N. W. 286 (Minn.); Steinkuehler v. Wempner, 81 N. E. 482 (Ind.); Maier v. Mansbach, 114 N. W. 65 (Mich.); McMechen v. McMechen, 17 W. Va. 685; Barber's Appeal, 27 Atl. 973 (Conn.); Rich v. Lemmon, 15 App. Cas. 507 (D. of C.); Evans v. Arnold, 52 Ga. 169; Barnes v. Barnes, 66 Me. 286; Sheehan v. Kearney, 21 So. 41 (Miss.); Norton v. Paxton, 19 S. W. 807 (Mo.); Perkins v. Perkins, 39 N. H. 163; Chrisman v. Chrisman, 18 Pac. 6 (Ore.); Cases cited in Note 12, p. 1021, 40 Cyc.) Instruction No. 6 as to a presumption of sanity is in conflict with Section 5418 and Section 5442, Comp. Stats. 1910. (Robinson v. Adams, 62 Me. 369; Cilley v. Cilley, 34 Me. 162; Beaubien v. Cicatte,

8 Mich. 9; Martin v. Perkins, 56 Miss. 204; Beazley v. Denison, 40 Tex. 416.) Instructions Nos. 1 and 5 were erroneous as to the degree of proof required to establish insanity. (Anniston Mfg. Co. v. So. Ry. Co., 40 So. 965; Leggett v. Illinois Cent. R. Co., 72 Ill. App. 577; McBee v. Bowman, 89 Tenn. 132, 14 S. W. 481; Endowment Rank O. K. P. v. Steele, 63 S. W. 1126.) A preponderence of evidence is all that is required. (Search v. Miller, 1 N. W. 975 (Neb.); Burmingham Ry. Co. v. Moore, 42 So. 1024 (Ala.); Hall v. Wolf, 16 N. W. 710 (Ia.); 38 Cyc. 1755.) Instruction No. 19 was argumentative and erroneous. Instruction No. 27 is erroneous and argumentative. (Schofield v. Walker, 58 Mich. 96; Disbrow's Estate, 24 N. W. 624 (Mich.); Ormsley v. Webb, 33 L. Ed., p. 813.) Influence obtained by flattery is undue influence. (Words & Phrases, Vol. 8, p. 7169.)

*La Fleiche & Diefenderfer* and *Metz & Sackett,* for defendants in error.

Sections 5440, 5466, 5467 and 5468, Comp. Stats. 1910, govern contest of wills. (Cook v. Baldus, 157 Pac. 580.) Section 5440, Comp. Stats., was adopted from California with modifications. Judicial constructions of borrowed statutes are adopted as a part of the statute. (Crumrine v. Reynolds, 13 Wyo. 111, 78 Pac. 402.) Constructions subsequent to such adoption are not binding, but persuasive. (Coal Mining Co. v. State, 15 Wyo. 97, 87 Pac. 337, 984.) The rule of procedure in will contests under the California law is clearly set forth in the case of Latour's Estate, 74 Pac. 441. The procedure followed below is in conformity with the California rule. The contention of appellants that the burden of proof is at all times upon the proponents of a will is apparently an afterthought and not in accordance with the theory upon which the case was tried; there are some decisions, however, that support the principle. The California rule is that contestants must assume the burden of proof. (Estate of Dalrymple, 7 Pac. 906; In re. Burrell's Estate, 19 Pac. 880; In re. Doyle Estate, 73 Cal. 564,

15 Pac. 125; In re. Black's Estate, 64 Pac. 695, 132 Calif. 392; In re. Nelson's Estate, 132 Calif. 182, 64 Pac. 294; In re. Metz' Estate, 136 Calif. 558, 69 Pac. 294, 295; In re. McKenna's Estate, 77 Pac. 461; In re. McDevitt's Estate, 30 Pac. 101; Cullberg's Estate, 146 Pac. 888; MacCrellish's Estate, 167 Calif. 711, 141 Pac. 257; Panand v. Jones, 1 Calif. 488, 498.) It is also the rule in the District of Columbia and in Maryland. (Leach v. Burr, 23 Sup. Ct. Rep. 393; Higgins v. Carlton, 28 Md. .115, 92 Am. Dec. 666.) And in a number of other states. (In re. Hayes Estate, 135 Pac. 449; Hunt v. Phillips, 34 Wash. 362; Higgins v. Netherly, 30 Wash. 337, 70 Pac. 489; Hutson, et al. v. Huntley, et al., 72 Ohio State, 262, 74 N. E. 197; Runyan v. Price, et al., 15 Ohio State 1, 86 Am. Dec. 459; Franklin v. Price, et al., 15 Ohio State 1, 86 Am. Dec. 459; Franklin v. Boon, 37 Tex. (Civ. App.) 597; Estate of McKenna, 143 Cal. 580, 77 Pac. 461.) In Georgia the propounder is required to show testamentary capacty of the testator and that the will was made free and voluntary. (Credille v. Credille, 123 Ga. 673, 107 Am. St. Rep. 157; Evans v. Arnold, 52 Ga. 167; Welter v. Haversham, 60 Ga. 193; Eastis v. Montgomery, 95 Ala. 486, 36 Am. St. Rep. 227; Kaufiman v. Caughman, 49 So. Car. 169.) The same rule obtains in Illinois, Kentucky and Alabama. (Craig v. Southard, 162 Ill. 209, 44 N. E. 393; Carpenter v. Calvert, 83 Ill. 62; Wilbur v. Wilbur, 129 Ill. 392, 21 N. E. 1076; Milton v. Hunter, 13 Bush (Ky.) 163; Flood v. Pragoff, 79 Ky. 611; Fee v. Taylor, 83 Ky. 259; Bramwell v. Bramwell, 101 Ky. 72; Leeper v. Taylor, 47 Ala. 221; Cotton v. Ulmer, 45 Ala. 378; Daniel v. Hill, 52 Ala. 430; Kramer v. Weinert, 81 Ala. 414; Knox v. Knox, 95 Ala. 495.) Appellant's contention is not sustained by Sections 5394, 5418, 5442, 5444, Comp. Stats. 1910. Appellant is required to make an affirmative showing of prejudicial error. (Bank v. Henry, et al., 22 Wyo. 189.) Error without prejudice will not warrant reversal. (Kahn v. Traders Insurance Company, 4 Wyo. 419; Gustavensen v. State, 10 Wyo. 300, 325; Fillmore v. Union Pacific, 2 Wyo. 94, 108; Davis v. Lum-

ber Co., 14 Wyo. 518; Kuhn v. McKay, 7 Wyo. 42; David v. Whitehead, et al., 13 Wyo. 189.) This is the general rule. (Usher v. Severance, 86 Vt. 523, 86 Atl. 741; Robichaud v. Maheux, 104 Me. 524, 72 Atl. 334; Ritchie v. Steger, 93 Neb. 63, 136 N. W. 838; McKain v. Camden Water, Light & Ice Co., 89 S. C. 378, 71 S. E. 949; Houston & T. C. R. Co. v. Loofs Tex. Civ. A. 160 S. W. 300.) There is a presumption of sanity. (MacCrellish's Estate, 167 Cal. 711, 141 Pac. 257.) Where there is a conflict of evidence on the question of soundness of mind, the verdict will not be set aside. (Motz's Will, 69 Pac. 294.) Instructions Nos. 5, 19 and 27 as to degrees of proof correctly state the law.

POTTER, CHIEF JUSTICE.

This is a will contest. There was a verdict and judgment sustaining the will, and the case is here on error. Levi Wood, a resident of the county of Sheridan, in this state, died on the 7th day of November, 1914, at an advanced age, 86 years as we understand, leaving an estate in said county consisting of real and personal property, and a will dated and executed on December 30, 1902. That will was filed in the office of the clerk of the district court in said county, and a petition for its probate was filed therein by Daniel J. Wood, a son of the testator and named in said will as the executor. By the said will one-fourth of the decedent's estate was devised and bequeathed to his said son, Daniel J. Wood, one-fourth to his son, Thompson Wood, one-fourth to certain grandchildren named in the will, in equal shares; and one-fourth to certain other grandchildren therein named, in equal shares. The petition for the probate of the will alleged that at the time the will was executed the testator was of the age of 74 years or thereabouts, and was of sound and disposing mind, and not acting under restraint, duress, menace, fraud or undue influence, and in every respect competent, by last will, to dispose of all his estate. Two of the testator's sons, Neri D. Wood and Frank J. Wood, filed objections to the probate, alleging that the testator was of unsound mind and

mentally incompetent to make the will when it was made and executed, and that it was executed as the result of undue influence on the part of Daniel J. Wood and his wife. Thereafter another son, George B. Wood, was allowed to become a party to said objections. Amended objections having been filed, an answer was filed by the proponent of the will, denying the averments of the contestants as to unsoundness of mind of the testator and undue influence and alleging that at the time the will was executed said testator was of sound mind and that the same was duly executed, attested and witnessed in the manner and form as therein recited, and as the same purports to have been executed and witnessed.

A jury trial was had upon the issues thus framed, resulting in a verdict for the proponent and against the contestants upon all the issues, and finding that the instrument offered for probate is the last will and testament of Levi Wood, deceased. Special findings were returned with the verdict in answer to two questions submitted by the court as follows: "First: Was the testator, Levi Wood, of sound or unsound mind at the time he signed the will in question? Ans. Sound mind. Second: Was the will which was signed by Levi Wood, or any provision therein, the result of undue influence by Dan Wood or his wife over the testator? Ans. No." Thereupon, a judgment was entered overruling the objections to the probate of the will and ordering its admission to probate and that the proponent, Daniel J. Wood, be appointed executor; and thereupon letters testamentary were issued appointing said Daniel J. Wood as such executor.

The judgment recites as to the preliminary proceedings that the cause having come on regularly to be heard on the petition of Daniel J. Wood for the admission to probate of a certain instrument of writing purporting to be the last will and testament of Levi Wood, deceased, and for the issuance of letters testamentary to the petitioner, and it appearing that objections to the probate of said will had been filed by Neri Wood and Frank J. Wood, the hearing was

continued, and thereafter on application George B. Wood was permitted to become a party to said objections, and the court permitted amended objections to be filed by said contestants, and on July 16, 1915, a time theretofore set by the court, due and proper notice having been theretofore published, as required by law, the court heard the testimony of the petitioner, which was reduced to writing and filed in said cause, and the testimony of the two subscribing witnesses to the will, whose testimony was also reduced to writing and filed in said cause, "and it appearing to the court from such testimony that said instrument in writing is the last will and testament of said Levi Wood, deceased, and that it was executed in all particulars as required by law, and that said testator, at the time of the execution of said will was of sound and disposing mind and not acting under duress, menace, fraud or undue influence, and the court being satisfied with such proof, and that a prima facie case had been made out in support of said will, reserved his decision thereon and directed that the trial of the amended objections interposed as aforesaid proceed, whereupon, on said 16th day of July, A. D. 1915, the same being one of the days of the regular June, A. D. 1915, term of said court, the said objectors and contestants, being present in person and by attorneys, and the said proponents and the heirs and devisees named in said will, being present in person and by counsel, a hearing on the issues raised by said amended objections and the answer thereto, was proceeded with before a jury." Following a recital of the verdict and referring thereto, it is stated in the judgment: "And the court being fully advised in the premises finds that said verdict should be adopted by the court as the findings of the court in said matter, and the court does further find from a consideration of all the evidence offered at the hearing of said objections that the instrument offered for probate is the last will and testament of Levi Wood, deceased, and that the same is entitled to be admitted to probate as the last will and testament of Levi Wood, deceased."

We think it proper to assume that the testimony of the petitioner and subscribing witnesses referred to in the judgment recital aforesaid was merely the formal proof usually taken of a will offered for probate. The statute prescribes that where there is a contest the proofs of the subscribing witnesses shall be reduced to writing and filed with the papers in the case, whether the will be sustained or rejected. (Comp. Stat. 1910, Sec. 5441.) Such proofs appear on file in this case, together with the formal testimony of the proponent, and from them it appears that each of the subscribing witnesses testified to the necessary facts to show a due execution of the will, and that each also testified that the testator, at the time the will was executed, was of sound and disposing mind, and not acting under duress, menace, fraud or undue influence; and it was stated also in said written testimony of the proponent that the decedent was of sound and disposing mind when the will was executed.

The bill of exceptions does not state whether these proofs were offered in evidence at the trial or whether the subscribing witnesses were then sworn and examined. But it does not purport to contain all of the evidence. On the contrary, only a small part of the evidence seems to be in the bill, presumably so much only as counsel for plaintiffs in error deemed necessary or sufficient to show their right to complain of the instructions, for they state in their brief that the expense of bringing into the record all of the large amount of evidence taken at the trial was prohibitive, and that the errors relied upon would be confined to the instructions. We understand counsel for the defendants in error to state in their brief that upon the trial the proponent produced the will, and proved its execution and attestation in due form by calling to the stand and examining the two attesting witnesses, and proved also by them the capacity of the testator at the time the will was executed; that such proof was offered and put into the record by the proponent with due formality, thus making a prima facie case, which, in the absence of a contest, would entitle the will to be admitted to probate. However, if such evidence was neces-

sary to establish a prima facie case, that is to say, either the introduction of the formal proofs of the subscribing witnesses or their testimony to the same effect by an examination on the trial, this court may assume that the will was produced, and its due execution and the competency of the testator sufficiently proved by the subscribing witnesses to establish a prima facie case, in the absence of a contrary showing by the bill of exceptions which confessedly contains only a part of the evidence.

The main contention of the plaintiffs in error in this court is that the trial court erroneously instructed the jury that the burden of proof as to the alleged incapacity of the testator was upon the contestants. By the first instruction, immediately after stating that proof had been introduced of the execution and attestation of the will in form as required by law and unless there is a valid ground of objection embraced in the objections the will would be probated, the court charged the jury as follows:

"The burden of proof, therefore, is upon the contestants to show by a reasonable preponderance of the evidence that on the 30th day of December, 1902, the said Levi Wood was insane, or of unsound mind, or that he was influenced and dominated by others in the particular act of making the said will and of disposing of his property in such manner that he was not acting as a free agent in making the will. Unless, therefore; you find by a preponderance of the evidence that one or both of the two aforesaid objections exist in reality, you should find in favor of the validity of the will."

The court further charged the jury on the same point by the fifth and sixth instructions as follows:

5.   "The jury are instructed, that when a will is proved, including soundness of mind and memory, on the part of the testator, by the testimony of two subscribing witnesses, as in this case, and unsoundness of mind is alleged as a ground for setting the will aside, the fact of insanity, or of unsoundness of mind must be established with reasonable certainty; the evidence of insanity should preponderate, or

the will must be taken as valid. If there is only a bare balance of evidence, or a mere doubt only, of the sanity of the testator, the presumption in favor of sanity, if proved as above stated, must turn the scale in favor of the sanity of the testator."

6.   "The court instructs the jury that the law presumes, and it is your duty to presume, that every man who has arrived at the years of discretion is of sound mind and memory and capable of transacting ordinary business and capable of disposing of his property by will or otherwise, until the contrary is shown, and the court instructs you that it is your duty to hold that Levi Wood at the time he executed the will offered in evidence was of sound mind and memory, and so to hold until you believe by the preponderance of the evidence that he was otherwise."

In support of the contention that these instructions were erroneous in placing upon the contestants the burden of proving by a preponderance of the evidence that the testator was of unsound mind when the will was executed, it is argued that although upon the proponent establishing a prima facie case the burden of proceeding shifted to the contestants, the burden of proof remained with the proponent throughout the case; and that this is the effect of our statutes providing for the disposal of property by will only by a person of full age and sound mind (Comp. Stat. 1910, sec. 5394, Laws 1915, Ch. 149, sec. 1.), for admitting a will to probate, in the absence of a contest, on the testimony of one of the subscribing witnesses that the will was executed in all particulars as required by law and that the testator was of sound mind at the time of its execution (Comp. Stat. 1910, sec. 5419), and, in case of a contest, if the court is satisfied, upon the proof taken, that the will was duly executed, and that the testator at the time of its execution was of sound and disposing mind, and not acting under duress, menace, fraud, or undue influence, that a certificate of the proof and the facts found, signed by the judge and attested by the seal of the court, must be attached to the will. (Id. sec. 5444.)

We believe it to be true that the usual statutory provision in this country declaring the right to dispose of property by will is similar to that found in section 5394 of our statutes, authorizing such disposition only by a person of sound mind. But, except when previous insanity or incapacity of that nature has been admitted or proved allowing the presumption of a continuance of such condition until the contrary is shown, there is an apparent irreconcilable conflict in the authorities upon the question of the burden of proof as to capacity or incapacity of the testator, in a proceeding contesting the probate of a will on the ground of the testator's alleged incapacity, though that conflict is said to be more apparent than real and more verbal than substantial. (1 Schouler on Wills, 5th Ed., Sec. 174.) We do not understand it to be contended that the exceptional situation aforesaid was shown in this case, nor does the part of the evidence brought into the record here establish it, at least not sufficiently to entitle the case to be considered from that standpoint, and no instruction referring to such a condition seems to have been requested. We have, therefore, to consider the ordinary rule in such cases. There is much less difference of opinion on the question when the contest is instituted after a will has been admitted to probate, and the object of the proceeding is a revocation of its probate; in such a case it seems to be quite generally held that the burden is upon the contestant to establish alleged incapacity. And the conflict where the objection is to the probate of a will is such that either view—that the burden of proving the sanity of the testator is on the proponent or the burden is on the contestant to prove the contrary, if alleged, is sustained by abundant and eminent authority.

The English rule seems to be that the *onus probandi* is upon the party propounding the will, as the moving party, who must satisfy the court that the testator made the will and that he was of sound and disposing mind, but, since sanity is to be presumed until the contrary is shown, that presumption is sufficient to sustain the will upon proof of execution in proper form, where no other evidence is of-

fered, and though there be some evidence of incompetency there may be a finding in favor of the will, if such evidence does not disturb the jury's belief in the testator's competency; but when the whole matter is before the jury on evidence of both sides, they ought not to affirm the document to be the will of a competent testator unless they believe it really is so. (Barry v. Butlin, 2 Moore's P. C. 480, 12 Eng. Rep. Full Repr. 1089; Sutton v. Sadler, 3 C. B. (N. S.) 87, 140 Eng. Rep. Full Repr. 671; Williams on Executors, 21-23; Schouler on Wills, 5th Ed., sec. 173.). Substantially the same rule is adopted in some of the states in this country, that is to say, that the burden is upon the proponent throughout the case, though upon his showing by the testimony of the attesting witnesses that the will was duly executed and the testator was of sound mind at the time, it is then incumbent on the contestant to proceed with his evidence as to the testator's capacity, after which the proponent may offer rebutting evidence. A very few of the cases taking that view deny the existence or probative value of a presumption of sanity, in a proceeding contesting probate. (See McGinnis v. Dempsey, 27 Mich. 373; Maier v. Mansbach, 150 Mich. 348, 114 N. W. 65; Williams v. Robinson, 42 Vt. 658, 1 Am. Rep. 359; McMechen v. McMechen, 17 W. Va. 683, 41 Am. Rep. 682.) But most of the cases on that side of the question concede such presumption upon the making of a prima facie case by formal proof of the will, and that it aids in sustaining the burden placed upon the proponent. This is illustrated by the Massachusetts cases.

Perhaps the most frequently cited case in support of the proposition that the burden remains with the proponent on the whole evidence is Crowninshield v. Crowninshield, 2 Gray, 524. The court, in that case, seems to have denied the probative value of the presumption in favor of sanity, where there is any evidence of incapacity. But a different view was expressed in Baxter v. Abbott, 7 Gray, 71. In that case the jury had been instructed that the legal presumption, in the absence of evidence to the contrary, was in

favor of the testator's sanity, and that the proponent was entitled to that presumption in sustaining the burden of proof which the law put upon him, but that the presumption might be rebutted by evidence satisfying the jury of the testator's unsoundness of mind. That instruction was approved, the court, by the same judge who wrote the opinion in the Crowninshield case, saying: "A majority of the court think that the instruction to the jury, that the legal presumption, in the absence of evidence to the contrary, was in favor of the sanity of the testator, was correct. We all agree that it does not change the burden of proof, and that this always rests upon those seeking the probate of the will. (See Crowninshield v. Crowninshield, 2 Gray, 532.) The opinion in that case expresses my own view as to the existence of the legal presumption." The Massachusetts rule is further stated in Clifford v. Taylor, 204 Mass. 358, 90 N. E. 862, as follows: "The true rule is that the presumption is enough to sustain the burden of proof, until evidence is introduced which tends to control it. On the introduction of such evidence, the case is to be determined upon the whole evidence, including the presumption of sanity, and if the preponderance of the evidence is in favor of sanity, the burden of proof is sustained and the jury will find for the executor. If, upon the whole evidence, including this presumption, the scales are in even balance, the finding will be for the contestant, on the ground that the executor has failed to sustain the burden of proof."

A similar rule prevails in Virginia and Indiana. (Hopkins v. Wampler, 108 Va. 705, 62 S. E. 926; Steinkuehler v. Wempner, 169 Ind. 154, 81 N. E. 482, 15 L. R. A. N. S. 673.) And in Minnesota, based on a statute regulating the proof of wills construed as peremptory. (Layman's Will, 42 N. W. 286.) And the general doctrine that the proponent has the burden of proving sanity by a preponderance of the evidence is maintained also in Maine, Mississippi, Nebraska, Oregon and Texas. (See cases cited in 40 Cyc. 1021, Note 12.) And in New York, according to the later Surrogate decisions, that seems to be the rule, although the early

case of Delafield v. Parish, 25 N. Y. 9, has been understood as holding that the burden is upon the contestant to prove mental incapacity after sufficient evidence has been introduced by the proponent to make a prima facie case. (Van Den Heuvel's Will, 76 Misc. Rep. 137, 136 N. Y. S. 1109; Knight's Will, 87 Misc. Rep. 577, 150 N. Y. S. 137; King's Will, 89 Misc. Rep. 638, 154 N. Y. S. 238.)

In some other states, which we find noted as holding that the proponent has the burden of proving competency by a preponderance of the evidence (see 40 Cyc. 1021), a more liberal rule is expressed as to the effect of the presumption of sanity. In New Hampshire, one of such states, it is said (Perkins v. Perkins, 39 N. H. 163):

"It is, therefore, proper to say that the burden of proving the sanity of the testator, and all the other requirements of the law to make a valid will, is upon the party who asserts its validity. This burden remains upon him till the close of the trial, though he need introduce no proof upon this point until something appears to the contrary. In some sense it is not improper to say that the burden of proving the insanity of the testator is on the party opposing the will. If he relies on that fact, he must, of course, lay evidence before the jury sufficient to outweigh the presumption of law and the proof on the other side, and to convince the jury, or he must have a verdict against him. This question has been discussed elsewhere with much diligence and keenness, but it is, after all, a question merely verbal; a question of the propriety of certain forms of expression; for we apprehend that whatever may be the terms used, the course of practice is everywhere the same."

And in Connecticut (Barber's Appeal, 63 Conn. 393, 27 Atl. 973, 22 L. R. A. 90), after stating the order of proof—first the prima facie case by proponent, then the contestant's evidence, followed by rebutting evidence of the proponent, the court concluded by saying that "the evidence of the contestants would be offensive and affirmative in its character, and that of the proponents defensive and negative, and on the whole case the question would be whether the evidence of

the contestants sufficiently preponderated over the rebutting and special evidence of the proponents, including the evidence of the attesting witnesses, to overcome the presumption of sanity which constituted the proponents' prima facie case. In other words, leaving the presumption of sanity out of the case, was there more evidence of insanity than of sanity? So that, by putting it again into the case, there would still be as much." In the later case of Sturdevant's Appeal, 71 Conn. 392, 42 Atl. 70, Judge Baldwin, delivering the opinion of the court, said that the presumption of sanity "has a just relation to the law of trials, and in civil causes where sanity is in question and the evidence preponderates on neither side, ought to control the verdict." And further: "The important thing for the jury to understand in the case at bar was that the proponents had something to rely on beside the positive evidence which they had introduced to show testamentary capacity; that this was to be considered together with that evidence; and that it consisted in a presumption, recognized in law as based on the general facts of life, which had probative force enough to turn the scale, if otherwise, taking into account all that either party had put in evidence, the balance should seem to them to stand equal." That case would seem to sustain the last part of the fifth instruction in the case at bar, as to the effect of the presumption of sanity when the evidence is equally balanced or leaves the matter in doubt.

A case from Georgia (Evans v. Arnold, 52 Ga. 169) is cited in support of the contention that the proponent must prove sanity by a preponderance of the evidence, and the case is cited to the same point in 40 Cyc. 1021. But the later cases in that state hold to the contrary. In Credille v. Credille, 123 Ga. 673, 51 S. E. 628, 107 Am. St. Rep. 157, and Slaughter v. Heath, 127 Ga. 747, 57 S. E. 69, 27 L. R. A. N. S. 1, it is held that the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case by showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and volun-

tarily, and when this is done, the burden of proof shifts to the caveator. And in Freeman v. Hamilton, 74 Ga. 317, it was said that when the propounder showed the testamentary capacity of the testator, and that the will was made freely and voluntarily, then the *onus* was changed, and the burden of proof was on the caveators to make their grounds of objection good.

The Missouri case of Norton v. Paxton, 110 Mo. 456, 19 S. W. 807, is cited in support of the same contention of plaintiffs in error, and it seems to sustain the proposition; but the expressions of the court in later cases appear to be inconsistent with it in that respect. In Sehr v. Lindemann, 153 Mo. 276, 54 S. W. 537, the court say: "When a will is contested it devolves upon the proponents to prove the execution of the will, that the testator was of requisite age and that he was sane (citing cases). This makes out a prima facie case, and it then devolves upon the contestants to establish incompetency or undue influence." And, after referring to the evidence concerning the testator's capacity, the court concluded upon that point as follows: "Clearly, therefore, the charge of incompetency was not established by the testimony, nor the prima facie case made out by the proponents overthrown, and there was therefore nothing for the jury to consider and the court did right in directing a verdict for the defendants upon this issue." In Gibony v. Foster, 230 Mo. 106, 130 S. W. 314, the court say that in Sehr v. Lindemann, supra, it was expressly ruled that, upon making out a prima facie case by the proponents of the will, it then devolved upon the contestants to establish incompetency or undue influence. And in Bensberg v. Washington University, 251 Mo. 641, 158 S. W. 330, after stating that upon the issue whether the writing produced be the will of the testator or not, the burden lies upon the proponent, and that he must establish not only the execution of the will, but the mental capacity of the testator, the court say: "It has, however, been uniformly held by this court that, when the proponents of the will have made a prima facie case, it devolves upon the contestant to overthrow it by evidence,"

citing Sehr v. Lindemann, supra; Gibony v. Foster, supra; and Teckenbrock v. McLaughlin, 209 Mo. 533, 539, 108 S. W. 46.

In many of the states it is held that the burden rests upon the contestant to show alleged incapacity by a preponderance of the evidence, when by the formal proofs of the attesting witnesses a prima facie case is established.   That is the rule in Alabama, Arkansas, California, Delaware, Idaho, Illinois, Iowa, Kentucky, Maryland, Montana, New Jersey, North Carolina, Pennsylvania, South Carolina, Tennessee, Utah, and Wisconsin.   (Eastis v. Montgomery, 95 Ala. 486, 11 South. 204, 36 Am. St. Rep. 227; Smith v. Boswell, 93 Ark. 66, 124 S. W. 264; Est. of Dalrymple, 67 Cal. 444, 7 Pac. 906; Doyle's Est., 73 Cal. 564, 15 Pac. 125; In re. Latour's Est., 140 Cal. 414, 73 Pac. 1070, 74 Pac. 441; Head v. Nixon, 22 Ida. 765, 128 Pac. 557; Carpenter v. Calvert, 83 Ill. 62; Craig v. Southard, 162 Ill. 209, 44 N. E. 393; Wilkinson v. Service, 249 Ill. 146, 94 N. E. 50, Ann. Cas. 1912A, 41; Goldthorp v. Goldthorp, 115 Ia. 430, 88 N. W. 944; Hull v. Hull, 117 Ia. 738, 89 N. W. 979; Philpott v. Jones, 164 Ia. 730, 146 N. W. 859; Milton v. Hunter, 13 Bush. 163; Flood v. Pragoff, 79 Ky. 607; Watson's Exr. v. Watson, 137 Ky. 25, 121 S. W. 626; Higgins v. Carlton & Scaggs, 28 Md. 115, 92 Am. Dec. 666; Brown v. Ward, 53 Md. 376, 36 Am. Dec. 422; Farleigh v. Kelly, 28 Mont. 421, 72 Pac. 756; Whitenack v. Stryker, 2 N. J. Eq. 8; Trumbull v. Gibbons, 22 N. J. L. 117; Elkinton v. Brick, 44 N. J. Eq. 154, 15 Atl. 391, 1 L. R. A. 161; Horah v. Knox, 87 N. C. 483; In re. Thorp, 150 N. C. 487, 64 N. E. 379; Grubbs v. McDonald, 91 Pa. St. 236; McNitt's Est., 229 Pa. St. 71, 78 Atl. 32; Mordecai v. Canty, 86 S. C. 470, 68 S. E. 1049; Puryear v. Reese, 6 Cold. 21; Frear v. Williams, 7 Baxt. (66 Tenn.) 550; Van Alstine's Est., 26 Utah, 193, 72 Pac. 942; Will of Cole, 49 Wis. 179, 5 N. W. 346; Will of Silverthorn, 68 Wis. 372, 32 N. W. 287; Allen v. Griffin, 69 Wis. 529, 35 N. W. 21; and other cases cited in 40 Cyc. 1021, note 11.)   To the above list of states should be added Georgia and Missouri, from the above cited later de-

cisions in those states, and also the District of Columbia. (Leach v. Burr, 188 U. S. 510, 516, 23 Sup. Ct. 393, 47 L. Ed. 567.) And though the burden is said in the New Hampshire and Connecticut cases, above cited, to be upon the proponent, there would seem to be no substantial or practical difference between those cases and the cases last above cited, since they require that on the question of testamentary capacity the contestant's evidence as to incapacity shall preponderate over the proponent's evidence and the legal presumption of sanity to justify a finding against the will.

Affirming the principle that the contestant has the burden of proving incompetency, the Pennsylvania court say in Grubbs v. McDonald, supra: "It is true, complaint is made, that the burden of proof was thrown upon the contestants to prove want of testamentary capacity. But what else could the court do under the rule as laid down in Landis v. Landis, 1 Grant, 248, and in many other authorities, that 'the law presumes every one of full age competent to make a will, of sufficient mental capacity to do the act; and allegations to the contrary must be proved.' Testamentary capacity is the normal condition of one of full age, and the affirmative is with him who undertakes to call it in question, and this affirmative he must establish, not in a doubtful, but in a positive manner." There is a clear discussion of the question in the Maryland case of Higgins v. Carlton, supra, a leading case on the subject, and the court say that they could discover no satisfactory reason why the presumption of law in favor of sanity should not be applied to wills, as well as to any other instrument in writing, that such a reason was not to be found in the fact that the status requires the testator to be of sound and disposing mind, and, quoting from Swinburne a statement to the effect that because of the presumption of sanity until the contrary is proved, the fact is one not to be proved, though alleged, say that, as a logical conclusion from such presumption, the burden of proof is on the person asserting unsoundness of mind, unless a previous state of insanity has been estab-

lished, in which case the burden is shifted to the one claiming under the will; and conclude by saying that the authorities placing such burden upon the one alleging incapacity rest upon sound reasoning, "harmonize with the ancient rule of presumption in favor of sanity, and thereby escape the fallacy 'of requiring a party to give positive proof of the existence of a fact, which the law presumes, in the absence of all proof.'"

The decisions holding the burden to be upon the contestant as to alleged incapacity are in accord with the view expressed in Greenleaf on Evidence (Sec. 691), viz.: "In regard to insanity or want of sufficient soundness of mind, we have heretofore seen, that though in the probate of a will, as the real issue is whether there is a valid will or not, the executor is considered as holding the affirmative, and therefore may seem bound affirmatively to prove the sanity of the testator; yet we have also seen, that the law presumes every man to be of sane mind until the contrary is shown. The burden of proving unsoundness or imbecility of mind in the testator is therefore on the party impeaching the validity of the will for this cause." And Judge Redfield expressed the same opinion in his work on Wills. (1 Redf. on Wills, pp. 31-32.)

The sixth instruction in the case at bar appears to have been taken from Craig v. Southard, 162 Ill. 209, 44 N. E. 393; at least it is a literal copy of an instruction approved in that case, except that it omits the words "in the first instance" from the first part of the sentence instructing that it was the duty of the jury to hold that the testator was of sound mind at the time he executed the will; that part of the instruction in said case reading: "and the court instructs you that, in the first instance, it is your duty to hold that David Craig, at the time he executed the will offered in evidence, was of sound mind and memory, and to so hold until you believe, by the preponderance of the evidence, that he was otherwise." Such omission, however, is obviously not material, though by using the omitted words

the reason for the final part of the instruction, "and to so hold," etc., is made more apparent.

The instructions in the case at bar assumed that it was necessary for the proponent, in the first instance, to establish a prima facie case, by the formal proofs of the subscribing witnesses, for they state that such proof was made, and the burden placed upon the contestants was to show by a preponderance of the evidence that the testator was of unsound mind at the time the will was executed, or that he was so influenced by others that he was not a free agent in making the will; thus, in that respect, within the rule of the cases last above cited, and if not sustained by the clear weight of authority, certainly, we think, by authority of no less weight than that to the contrary. And if we were to decide the question upon a general consideration of the authorities, without regard to statute regulating the proceeding, we think the more reasonable rule is that which requires alleged testamentary incapacity to be shown by a preponderance of the evidence.

That rule is less confusing in explaining the effect of the presumption of sanity; and that there is a presumption of sanity entitled to be considered, at least upon formal proof showing prima facie the testator's capacity, is established by the undoubted weight of authority. The difference between such rule and the seemingly conflicting one conceding the presumption in favor of the will, but declaring the burden to be upon the proponent to prove a will by a competent testator, is so slight and technical that it appears to us to be of little, if any, practical importance. Under the latter rule, as explained in the Massachusetts case of Clifford v. Taylor, supra, the finding is to be in favor of the will unless the contestant's evidence preponderates over both the presumption and the evidence of the proponent, which necessarily implies that if upon the evidence, excluding the presumption, the scales are in even balance, the will must be sustained. That case sustained an exception of the proponent to an instruction that the presumption of sanity "stands until it is rebutted," on the ground that in

connection with other parts of the charge, the word "rebutted" might have been understood as meaning, "that the moment an issue is presented by a denial of sanity, the presumption becomes of no effect." That proposition was held to be incorrect, and what was said to be the true rule was stated as quoted in an earlier part of this opinion. That case, though stating it differently, in effect supports the rule that the contestant has the burden of showing incompetency. But it is much better, we think, to state the presumption, and because of it, that the burden is on the contestant.

Our statute regulating the contest proceeding also favors that conclusion. It provides that any one appearing to contest a will must file written grounds of opposition to the probate thereof and serve a copy on the petitioner and other residents of the county interested in the estate, "any one or more of whom may demur thereto upon any of the grounds provided for under the laws of Wyoming, or the petitioner and others interested may jointly or separately answer the contestant's grounds, traversing or otherwise obviating or avoiding the objections"; and that whenever such demurrer shall be filed, or any issue of fact raised by the pleadings involving: The decedent's competency. His freedom from duress, menace, fraud or undue influence. The due execution or attestation of the will. Any other question substantially affecting the validity of the will. "Then all pending matters relating thereto must be suspended until the next term of court held in that county, or at the same term under the direction of the court, and the case entered regularly for trial on the trial docket thereof, and the issues joined must be tried by the court." (Comp. Stat. 1910, Sec. 5440.) This section is found in the probate code, which was adopted from California in 1891, and the corresponding section of the code of that state has been construed as placing the burden of proof upon the contestant, both before and since the statute was enacted here. Of the several cases so construing the statute, the following only need be cited: Estate of Dalrymple, 67 Cal. 444, 7

Pac. 906, decided in 1885; Estate of Doyle, 73 Cal. 564, 15 Pac. 125, decided in 1887; Estate of Latour, 140 Cal. 414, 73 Pac. 1070, 74 Pac. 441; Estate of Dolbeer, 149 Cal. 227, 86 Pac. 695, 9 Ann. Cas. 795. We quote from the very clear statement of the reasons for such construction in the rehearing opinion in the Latour case:

"In every case of a contest of a will before probate there are, in law and in fact, two distinct, and, to some extent, independent, proceedings before the court. One is the petition of the proponent for the admission of the will to probate. The other is the contest—an affirmative proceeding, based on the written grounds of opposition filed by the contestant. There is no pleading on the part of the contestant that is addressed to the petition, or that is in the nature of an answer to it. * * * * The contest is inaugurated by the filing of the 'written grounds of opposition,' in which must be set forth the facts upon which the contestant bases his assertion that the will is invalid. * * * * To this pleading on the part of the contestant the proponent, or other person interested, files an answer, and thus raises an issue for trial. * * * * The hearing of these two proceedings must come at the same time, and it is this circumstance which causes the confusion about the proper method of procedure. When the contest comes after probate, as it may do under Section 1327, Code Civ. Proc., this matter is much simpler, and it would not be seriously contended that the contestant should not then have the burden of proof. At that time the proceeding on the petition has been already heard and determined, and its distinct character is easily perceived. There is, however, no essential difference in this respect between a contest before probate and one subsequent thereto. In either case the hearing of the formal proceeding for probate is presupposed. Where the contest is before probate, and comes on for disposal simultaneously with the petition, the hearing of the contest does not dispense with the hearing and disposition of the petition. In such a case the regular and orderly method of procedure is for the proponent to first present his prelim-

inary proof in support of his petition.   These averments, it must be remembered, are not controverted by any pleading.   The so-called 'written grounds of opposition' provided for in Section 1312 is not a response to the petition, controverting or avoiding its allegations.   It is a pleading collateral to the petition, and related to it only to the extent that it cannot be filed until there is a petition filed, and that it is in some sense subordinate to it, so that if the petition is dismissed, or if it is denied after the hearing of the formal preliminary proof, the contest falls with it.   This preliminary proof is addressed to the court alone.   If a jury has been called to try the issues arising upon the contest, the preliminary proof is for the court, and not for the jury, unless the court directs the contrary, or the parties treat it as part of the case for the jury.   If, after hearing this proof, the court is of the opinion that a prima facie case is made in support of the will, it should reserve its decision upon the petition, and direct the trial to proceed upon the contest in the manner specified in Section 607; the contestant, as plaintiff, first introducing his evidence in support of his written grounds of opposition, and the proponent, as defendant, then producing his evidence in support of his answer thereto, and in rebuttal of the evidence on behalf of the contestant.   If the preliminary proof does not satisfy the court, it should thereupon refuse probate and end the proceeding without further ceremony."

In Idaho, Montana and Utah, under a like statute the California construction has been followed.   (Head v. Nixon, supra; Farleigh v. Kelly, supra; Van Alstine's Est., supra.)   It is true that our statute aforesaid is not in all respects a literal copy of the corresponding section of the California Code, for it omits the concluding provision thereof that, "on the trial, the contestant is plaintiff and the petitioner is defendant," and also the provision that the issue of fact must be tried by a jury, on written request of either party filed within a stated time.   But in other particulars our statute is substantially the same as the section construed in California.   And the decisions aforesaid of

that state are at least strongly persuasive, for, as they show, and especially the opinion aforesaid in the Latour case, the character of the proceeding, under the statute, is such that the contestant becomes the plaintiff and the petitioner the defendant, without an express declaration to that effect. It is said in Montana (Farleigh v. Kelly, supra) that the fact that the petitioner's answer need be nothing more than a general denial of the allegations of the written grounds of opposition emphasizes the evident intention of the Legislature that the contestant shall have the laboring oar throughout the trial. And in Utah (Van Alstine's Est., supra), the holding that the contestant has the burden of proof, and therefore the right to open and close the argument, follows a specific reference to the provision that the petitioner and others may answer the grounds alleged by the contestant. So that, if we are not bound by the previous construction of the statute in California, because of the stated difference between our statute and the one there construed, we are of the opinion that, since the part of our statute prescribing the manner of proving a will, and framing the issues in a contest opposing the probate thereof, is the same as in California, and was adopted from that state, the construction there given the statute as to the matter now under consideration ought to be accepted and followed. And we are satisfied that as our statute stands, for the reasons so well stated in the rehearing opinion in the Latour case, its effect is to place upon the contestants the burden of showing alleged incompetency of the testator, unless the case should be brought within the exception where previous incompetency is admitted or sufficiently shown to change the burden.

It appears in this case that, in accordance with the instructions as to the burden of proof, the contestants were allowed to open the argument to the jury, which seems also to have been the closing argument, for the record states that the contestee then waived argument.

The contestants complain further of the statement in the fifth instruction that insanity or unsoundness of mind must

be established with reasonable certainty. Standing alone
that might constitute prejudicial error. It does not stand
alone. It was explained if not limited by the statement im-
mediately following that, "the evidence of insanity should
preponderate, or the will be taken as valid." And in the
sixth instruction the verdict is made to depend upon "the
preponderance of the evidence." Also in the first instruc-
tion, though in one of the two places therein stating the
burden to be upon the contestants to show the invalidity of
the will by a preponderance of the evidence the expression
is "reasonable preponderance," and that is complained of.
A later instruction explained what is meant by a prepon-
derance of evidence as used in the instructions; and it was
said to mean not the greater number of witnesses, but the
weight and value given the evidence of the witnesses by
the jury. We do not think that the court intended or that
the jury could have understood that anything more was
necessary to a finding against the will than a belief resulting
from a preponderance of the evidence. The effect of the
instructions in that respect is not to be determined alone
upon the single statement to which exception is taken. As
said by Judge Baldwin in Sturdevant's Appeal, supra, con-
cerning a conceded unguarded remark of the trial court in
charging the jury: "But no charge delivered by a trial
court is to be judged by the same standards as a statement
of law carefully elaborated and deliberately pronounced by
a court of appeals, sitting *in banc.* * * * * A charge
must be taken as a whole in determining its natural effect."

But without the evidence to enable the court to determine
whether the statement complained of was in fact prejudi-
cial, we would not be inclined to order a reversal on that
ground. And the same may be said respecting the com-
plaint as to other instructions on the ground that they are
argumentative, and that one of them declares that influence
is not ordinarily considered undue which arises out of
"flattery"; that being mentioned as one of several things
that might influence a testator without being undue, viz.:
"sympathy, kindness, attention, attachment or affection,

gratitude for past services, desire of gratifying another's wishes, or of relieving distress, claims of kindred and family, love, esteem, social relations, prejudice, passive encouragement of resentment and flattery." Even if erroneous on either ground claimed, the prejudicial effect would largely depend upon the evidence, and the objections are therefore not of the class entitled to be considered as ground for reversal in the absence of the evidence. We have thought that there might be some doubt about the propriety of considering the instructions relating to the burden of proof, without the evidence; a reversal for error in the charge on that subject has been denied in several cases in other states for the reason that an examination of the evidence has shown the verdict to be clearly right. It follows that the judgment must be affirmed.                                    *Affirmed.*

BEARD, J., concurs.

SCOTT, J., did not sit.