In the Matter of the **ESTATE** of Albert
INGRAM, Deceased.
Alice E. BELL, Appellant (Proponent below),

v.

Frank INGRAM, Ellen Soliday, Betty Nelson
and Dorothy Kallenberger, Appellees
(Contestants below).

No. 3160.

Supreme Court of Wyoming.
Sept. 12, 1963.

R. G. Diefenderfer, Sheridan, for appellant.

R. H. Bennett and E. E. Lonabaugh, Sheridan, for appellees.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

The will of deceased, Albert Ingram, a bachelor, gave to certain brothers and a sister one dollar, omitted certain other brothers and sisters, and named as principal beneficiary the daughter of some persons with whom he had stayed. One of the brothers filed a contest of the will on the ground that testator was incompetent and subject to undue influence. At pretrial other heirs of decedent were joined as parties contestant. The court found decedent incompetent at the time of the execution of the will (without mentioning the undue influence), denied probate, and proponent has appealed.

The salient facts are not in substantial dispute. Testator was born on a farm in 1877. In 1909 or 1910 he was struck by lightning and severely burned—the horse on which he was riding killed. About 1932, he began acting strangely, said he heard voices, and complained of electricity in his body. In 1934 he was taken into

custody, but was released, apparently with instructions to report to the officials later, and he advised his landlady that "They say I'm off up here." In the latter part of 1941 he began to talk irrationally, and on November 3, complained that the neighborhood children had wired his bed with electricity, which was going up his legs. At 1 a. m., November 10, he discharged a shotgun from his back door. He thought a little girl had gone around the house and over to a neighbor, a half-block away. He went to the neighbor's house and broke down the door with the butt of his gun, shouting for him to produce the baby and threatening him with the gun. He was taken into custody; a petition was filed on November 13 for a sanity hearing; and as the result of a hearing on November 14, he was committed to the Wyoming State Hospital as insane, remaining there until the time of his death.

The will, which is not questioned as to execution, was purportedly signed on November 12, 1941, in the sheriff's office. Of the three witnesses, one did not appear, it being stipulated that he resided in California and had no recollection of the will; one merely recognized his signature but did not recall the incident; and the third, when questioned, said he did not remember how long they were there but that the testator was "the same as always."

Proponent argues that the superintendent of the State hospital, a psychiatrist, was asked about certain letters that testator had written during the time that he was in the hospital and answered that the letters seemed to be a homey type of correspondence, made sense, and that they were apparently written during rational intervals, and that the doctor on the basis of a hypothetical question answered that he believed that the hypothetical person, referring to testator, knew what he was doing when he executed the will. Even though the court considered this evidence under the rule of Beck v. Givens, 77 Wyo. 176, 309 P.2d 715, 313 P.2d 977, it was not necessarily determinative of the case as there was other evidence before the court which was equally entitled to consideration under the rules applicable to the controversy. The matter turns rather upon the burden of proof. Proponent contends that it was the burden of the contestants to overcome the legal presumption of testator's being possessed of sufficient mental capacity and that they failed to meet this burden, citing Wood v. Wood, 25 Wyo. 26, 164 P. 844. In the Wood case, 164 P. at 852, it was correctly stated that the contestants have "the burden of showing alleged incompetency of the testator, unless the case should be brought within the exception where previous incompetency is admitted or sufficiently shown to change the burden." By the decided weight of authority in the United States, if insanity of a general permanent nature is once shown to exist, it is presumed to continue until there is a showing of a restoration of sanity or that the testator was mentally competent when the will was executed or that the will was executed during a lucid interval. A similar rule is applicable in the case of an insane delusion. In re Miller's Estate, 10 Wash.2d 258, 116 P.2d 526; 94 C.J.S. Wills § 38, p. 744. Here the fact that the testator was adjudged incompetent immediately following the execution of the will and remained incompetent until the time of his death coupled with undisputed evidence of irrational and dangerous acts shortly before the will was signed fully warranted the district court in applying the mentioned exception. The burden was thus properly placed upon the proponent to show that the testator was competent at the time he undertook to make the will, and the trial judge was justified in considering the evidence she introduced on this subject insufficient to discharge that burden.

Affirmed.